■ JOSEPH P. BRADLEY, Individually and as Executor of MARION K. BRADLEY, Deceased, Respondent, v ST. CHARLES HOSPITAL, Appellant, et al., Defendants

The appellant interposed the defense that the action was barred by the Workers' Compensation Law. Although the hospital maintained a workers' compensation policy, there is

no indication that an application for benefits under the statute was ever made. The Workers' Compensation Board has primary jurisdiction with respect to determinations of the applicability of the statute. Therefore, it is inappropriate for the courts to express any views as to the merits pending determination by the Board (see, Botwinick v Ogden, 59 NY2d 909; O'Rourke v Long, 41 NY2d 219). Consequently, the matter is remitted to the Supreme Court and disposition of that branch of the motion is held in abeyance until the Workers' Compensation Board renders a final determination (see, Peckham v Peckham Materials Corp., 102 AD2d 884).

We agree with the determination of the Supreme Court that the facts presented here do not warrant dismissal of the action on the ground that there was no doctor-patient relationship. The mere fact that the appellant required annual examinations of its employees does not preclude a cause of action against the hospital where the hospital doctors who conducted the examination failed to properly diagnose the malignant condition of the plaintiff's decedent and to act thereon, thereby allowing the cancer to spread and eventually cause the decedent's death. On these facts, the hospital failed to establish that the deceased, an employee, would not have accepted the services provided with the expectation that proper professional skill would be employed and that she would not have relied on the examination reports for treatment (cf., LoDico v Caputi, 129 AD2d 361; Twitchell v MacKay, 78 AD2d 125).

The court erred in denying that branch of the hospital's motion which was for partial summary judgment dismissing that part of the complaint which was premised upon acts or omissions occurring prior to July 31, 1982. Any claims of alleged malpractice with respect to the acts or omissions of the hospital prior to July 31, 1982, are time barred (see, CPLR 214-a). The continuous treatment doctrine does not apply to toll the Statute of Limitations under the facts of this case where the appellant rendered intermittent rather than continuous medical services (see, Davis v City of New York, 38 NY2d 257). Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.