■ SHIRLEY BRIGGS et al., Appellants, v PYMM THERMOMETER CORPORATION, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rader, J.), dated August 3, 1987, as granted the motion of the defendant Pymm Thermometer Corporation to dismiss the complaint as against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant action was commenced by the plaintiffs, former employees of the defendant Pymm Thermometer Corporation (hereinafter Pymm), to recover damages for injuries allegedly suffered as a result of their exposure to mercury, cleaning fluids and solvents which were used at Pymm's plant in Brooklyn. In the first cause of action of the complaint, the plaintiffs alleged that the injuries were caused by "the negligence of the defendant, Pymm". In the second cause of action of the complaint, the plaintiffs alleged that Pymm had violated certain provisions of the Labor Law of this State. The second cause of action also alleged the following:

"FIFTY-SIXTH: That defendant PYMM's, failure to comply with the relevant statutory directives, set forth above, constituted a fraudulent concealment and deceptive inducement to plaintiffs to work, and to continue working, in an environment which defendant, PYMM, knew to be unsafe and detrimental to the health and well-being of the plaintiffs referred to above.

"FIFTY-SEVENTH: That the conduct and advice of defendant, PYMM, was false, fraudulent and misleading and was known to be false, fraudulent and misleading by defendant, PYMM, when uttered and given with the intent to deceive the plaintiffs and to have plaintiffs rely upon them and plaintiffs entered into, and continued, said employment relying upon defendant, PYMM'S, statements, representations and omissions to their damage and detriment.

"FIFTY-EIGHTH: That pursuant to said fraudulent scheme and device, defendant, PYMM, warranted and represented that it maintained a safe, healthy and legal place to work knowing such warrantees [sic], statements, representations and omissions were false and fraudulent when made, intending that plaintiffs would rely thereon, which plaintiffs did, to their damage.

"FIFTY-NINTH: At all times herein mentioned, defendant, PYMM, was aware that its place of business was unsafe, unhealthy and illegal.

"SIXTIETH: At all times herein mentioned, defendant, PYMM, was aware of, yet willfully concealed, misrepresented, misinformed, deceived, and failed to disclose to the plaintiffs that defendant's place of business was unsafe, unhealthy and illegal."

Pymm moved to dismiss the complaint on the ground that it was barred by the Workers' Compensation Law.

In opposition to the motion to dismiss the complaint, the plaintiffs argued that they had pleaded an intentional tort in their complaint and therefore, that cause of action was not barred by the defense of the Workers' Compensation Law. Specifically, the plaintiffs argued:

"11. The sum of those allegations is that PYMM'S conduct was fraudulent and intentional, that PYMM knew each plaintiff would sustain injuries while working in the toxically dangerous factory but fraudulently and intentionally withheld that information from each worker and, further, fraudulently and intentionally induced the workers to continue to work at the factory as a direct consequence of which 'each plaintiff' sustained egregious injuries. In essence, then, the second cause of action, when liberally construed and interpreted most favorably to plaintiffs, asserted a viable cause of action based on intentional, fraudulent acts by PYMM directed at causing harm to each employee.

"Stated somewhat differently, PYMM knew of the extremely dangerous ongoing conditions at the factory and also knew

that any employee with a modicum of common sense would have immediately quit if made aware of those conditions, PYMM also had to be fully cognizant that, if even one employee became aware of the dangerous conditions, all employees would in all probability have been rapidly alerted to their dangerous working conditions, thereby resulting in PYMM losing its work force and being faced with a costly removal of the hazardous conditions at the factory."

The Supreme Court granted Pymm's motion to dismiss the complaint as against it. We agree with the determination of the Supreme Court.

It is well settled that an employee cannot maintain a common-law tort action against his employer for injuries sustained in the course of his employment, since such incidents are covered by the Workers' Compensation Law *(see,* Workers' Compensation Law §§ 10, 11, 29 [6]). However, an exception exists "[w]here injury is sustained to an employee due to an intentional tort perpetrated by the employer or at the employer's direction" *(Finch v Swingly,* 42 AD2d 1035). In that situation, the Workers' Compensation Law "is not a bar to a common-law action for damages" *(Finch v Swingly, supra,* at 1035).

While an intentional tort can give rise to a cause of action "outside the ambit of the Workers' Compensation Law, a complaint seeking to neutralize the statute's exclusivity must allege an intentional or deliberate act by the employer directed at causing harm to [a] particular employee" *(Mylroie v GAF Corp.,* 81 AD2d 994, 995; *see also, Bulis v Di Lorenzo,* 142 AD2d 707). Moreover, where the employee has been awarded, and has accepted, workers' compensation benefits, he is barred from even maintaining an action for intentional tort against his employer *(Werner v State of New York,* 53 NY2d 346).

In view of these principles, it is clear that the first cause of action asserted in the plaintiffs' complaint must be dismissed, since it only alleges negligent conduct on the part of Pymm. The second cause of action, insofar as it alleges a violation of the State Labor Law, must also be dismissed. In *Bardere v Zafir* (102 AD2d 422, 423) the court stated that the Labor Law "provides an enforcement procedure for the Commissioner of the Department of Labor to prohibit and enjoin hazardous work conditions" but it "does not overrule, and indeed, is subject to the exclusivity provisions of the Workers' Compensation Law". The remaining allegations contained in the second cause of action are also insufficient as a matter of law, with respect to those plaintiffs who have been awarded, and

have accepted, workers' compensation benefits *(Werner v State of New York, supra)*. With respect to the remaining plaintiffs, it was argued in the papers submitted in opposition to the motion to dismiss, and again on the instant appeal, that the exception for intentional torts should be expanded to cover those situations where the employer has intentionally misrepresented and/or concealed facts in order to keep a work force. However, this very same argument was specifically rejected by this court in *Orzechowski v Warner-Lambert Co.* (92 AD2d 110, 113), where it was stated: "Viewed most favorably to the plaintiffs, their allegation to the effect that [defendants] had 'intentionally ignored' the known hazard * * * cannot be deemed to satisfy the case-law requirement of 'specific acts' directed at causing harm to 'particular employees' necessary to bring this case within the 'intentional injury' exception, and is tantamount to an allegation of gross negligence, or perhaps, even reckless conduct on the part of [defendants] leading to an industrial accident. Unfortunately for the plaintiffs, such conduct is not excepted from the 'exclusive remedy' provisions of the Workers' Compensation Law".

Finally, in their appellate brief, and again on oral argument, the plaintiffs refer to the fact that, in a criminal case arising out of the same facts, Pymm was found guilty by a jury in November 1987 of having committed the crimes, *inter alia,* of assault in the first degree and assault in the second degree against one Vidal Rodriguez, who is listed as one of the plaintiffs in the instant action. However, the record indicates that Vidal Rodriguez's inclusion in the instant caption and complaint was the result of an inadvertent error, since he had previously commenced a separate action against Pymm. Moreover, the jury verdict in the criminal case has no relevance to the case at bar, since Pymm was indicted for, and found guilty of, assault in the first degree and assault in the second degree pursuant to Penal Law § 120.10 (4) and § 120.05 (4), respectively, which do not involve the element of intent to cause physical injury to another person. It should be noted that by order entered November 18, 1987, the Supreme Court, Kings County (Owens, J.), set aside the jury verdict. The prosecution's appeal from that order is currently pending.

We have reviewed the plaintiffs' remaining argument and find it to be without merit. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.