■ WILLIAM T. FRASER, Individually and as Administrator of the Estate of HELEN R. FRASER, Deceased, Respondent-Appellant, v BRUNSWICK HOSPITAL MEDICAL CENTER, INC., Appellant-Respondent, and S. FONG, Respondent.—In a medical malpractice action, the defendant The Brunswick Hospital Medical Center, Inc. appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated December 9, 1987, as granted the plaintiff's motion to strike the affirmative defense of workers' compensation coverage from its answer, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted the defendant S. Fong's cross motion to dismiss the complaint as against him.

Ordered that the order is modified by deleting the third decretal paragraph thereof which granted the defendant S. Fong's cross motion to dismiss the complaint as against him and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff.

The determination of the Workers' Compensation Board that the plaintiff's decedent's injuries were not the result of a compensable accident is final and conclusive as to the defendant The Brunswick Hospital Medical Center, Inc. (hereinafter the Hospital), which fully participated in the hearing before the Board and never sought appellate review of that determination (see, Liss v Trans Auto Sys., 68 NY2d 15, 21;

*O'Rourke v Long,* 41 NY2d 219, 227). Therefore, the defendant Hospital may not now assert the affirmative defense of workers' compensation coverage *(Liss v Trans Auto Sys., supra,* at 21).

However, as to the defendant S. Fong, who was neither present nor represented at the Board hearing, its determination has no such preclusive effect *(see, Liss v Trans Auto Sys., supra,* at 22). While we agree with the court's conclusion that the facts in this record establish as a matter of law that the defendant S. Fong was a special employee of the Hospital and a coemployee of the plaintiff's decedent *(see, Cameli v Pace Univ.,* 131 AD2d 419, 420-421), there is a triable issue of fact as to whether the decedent's injury was incidental to, or derived from, her employment at the Hospital *(see, Matter of Allen v American Airlines,* 78 AD2d 917, *lv denied* 53 NY2d 605).

Moreover, the contention by the defendant S. Fong that the action should be dismissed due to the lack of a doctor-patient relationship must be rejected. On the facts of this case, S. Fong failed to conclusively establish that the plaintiff's decedent would not have accepted the services provided with the expectation that proper professional skill would be employed and that she would not have relied on the examination reports for treatment *(see, Bradley v St. Charles Hosp.,* 140 AD2d 403; *see also, Twitchell v MacKay,* 78 AD2d 125; *cf., LoDico v Caputi,* 129 AD2d 361). Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.