PATRICK HICKEY, Appellant, v TRAVELERS INSURANCE COMPANY et al., Respondents.

Second Department, June 25, 1990

## APPEARANCES OF COUNSEL

*Michael T. Clifford & Associates (Norman Bard* of counsel), for appellant.

*O'Brien, McGarry, Murtagh & Mayr (James M. O'Brien* and *Kevin Murtagh* of counsel), for Travelers Insurance Company, respondent.

*Ivone, Devine & Jensen (Robert Devine* of counsel), for Harold P. Hutton, M.D., respondent.

**OPINION OF THE COURT**

BRACKEN, J.

In 1983 the plaintiff was injured during the course of his employment. In 1986 the Workers' Compensation Board ordered the defendant The Travelers Insurance Company (hereinafter Travelers), the workers' compensation carrier for the plaintiff's employer, to pay for the surgery which the plaintiff claimed was necessary in order to treat his work-related injuries. Travelers had declined to make such payments up until that point, adopting the position that any disability suffered by the plaintiff which might require surgery was not work related. This position was supported by an opinion rendered by the codefendant Harold Hutton, M.D., who had examined the plaintiff on Travelers' behalf, and who had determined that surgery was not necessary in order to treat the plaintiff's work-related injuries. The plaintiff sued both Travelers and Dr. Hutton, alleging that the latter committed medical malpractice, and that the former committed various intentional torts. The plaintiff also alleges that the defendants' misconduct delayed the performance of the necessary surgery, and that this delay further harmed the plaintiff's physical and mental condition. On this appeal from the Supreme Court's issuance of summary judgment in favor of both defendants, we must decide whether the plaintiff's various causes of action warrant a trial *(see,* CPLR 3212).

■ We address first the Supreme Court's grant of summary judgment to Dr. Hutton. It must be noted, preliminarily, that Dr. Hutton's application was premised on the provisions of both CPLR 3211 (a) (7) and CPLR 3212 and that, to the extent that relief was being sought pursuant to the latter statute, the motion was technically premature, since issue had not yet been joined *(see,* CPLR 3212 [a]). However, since the plaintiff was clearly on notice that Dr. Hutton's motion included an application pursuant to CPLR 3212, and since the plaintiff, in his voluminous opposition papers, "deliberately chart[ed] a summary judgment course" *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320), we conclude that both branches of the

motion may be entertained *(see, Monteferrante v New York City Fire Dept.,* 63 AD2d 576, *affd for reasons stated* 47 NY2d 737 [defendant's preanswer application for summary judgment properly entertained]; *cf., Mihlovan v Grozavu,* 72 NY2d 506 [defendant's preanswer application pursuant to CPLR 3211 (a) (7) improperly converted to one for summary judgment pursuant to CPLR 3212 in absence of notice]; *see also, City of Rochester v Chiarella,* 65 NY2d 92, 101-102).

In opposing Dr. Hutton's motion, the plaintiff averred that he had been examined by Dr. Hutton in 1983, 1984 and 1985 and that Hutton had advised him to follow a conservative course of treatment. Most importantly, the plaintiff also a-verred that, if Dr. Hutton had *not* advised him to follow a conservative course of treatment in 1983, he *would have* undergone the surgery which he now claims would have ameliorated his condition. In other words, the plaintiff states that Dr. Hutton affirmatively advised him to follow a particular course of treatment, and that he relied on this advice in foregoing the single course of treatment (i.e., surgery) which would have helped him.*

■ Based on the assertions by the plaintiff that he specifically relied on the advice negligently given to him by Dr. Hutton, we conclude that summary judgment should have been denied. We have recognized, in analogous cases, that a patient who is referred to a physician by a third party, such as an employer or an insurance company, may state a valid medical malpractice claim based on allegations that the doctor in question negligently rendered incorrect medical advice *(see, Fraser v Brunswick Hosp. Med. Center,* 150 AD2d 754; *Bradley v St. Charles Hosp.,* 140 AD2d 403). In order to establish liability in such cases, however, it must be proved that the doctor's advice was, in fact, incorrect, that the issuance of such advice constituted professional malpractice, that it was foreseeable that the patient would rely on such advice, and that the patient did, in fact, rely on such advice to his detriment *(see, Fraser v Brunswick Hosp. Med. Center, supra; Bradley v St. Charles Hosp., supra; see also, Tolisano v Texon,* 144 AD2d 267, 268, *revd on other grounds* 75 NY2d 732; *LoDico v Caputi,* 129 AD2d 361 [Green, J., dissenting]; *Twitchell v MacKay,* 78 AD2d 125).

---

* Dr. Hutton, in his various reports to Travelers, acknowledged that the plaintiff might possibly benefit from surgery. However, Dr. Hutton believed that the condition with respect to which surgery might be useful, i.e., spondylolisthesis, was not work related.

We do not dispute the validity of the proposition that "recovery for malpractice or negligence against a doctor is allowed only where there is a relationship of doctor and patient as a result of a contract, express *or implied* \* \* \* *(Hoover v Williamson,* 236 Md 250, 203 A2d 861, 10 ALR3d 1064; *Keene v Wiggins,* 69 Cal App 3d 308, 313, 138 Cal Rptr 3, 6)" *(LoDico v Caputi, supra,* 129 AD2d, at 363; emphasis added). We merely hold that a plaintiff may successfully demonstrate the existence of a question of fact as to whether such an "implied" contract existed by asserting that the defendant doctor either affirmatively treated him or affirmatively advised him how to be treated, and that such treatment or such advice actually caused further injury. Where the action is premised on negligent advice rather than on negligent treatment, proof of detrimental reliance on the advice is, of course, necessary to establish causation.

The case of *LoDico v Caputi (supra),* relied upon by the defendants in this case, is inapposite. In that case, the plaintiff alleged that a doctor, who had been retained by his employer's workers' compensation carrier, and who had been requested to conduct a physical examination, failed to diagnose the existence of a brainstem tumor. This sort of negligent *omission* must be distinguished from the sort of negligent *commission* (affirmatively advising a patient) allegedly involved in the present case. There is no indication in the *LoDico* case that the doctor in question either treated the plaintiff or specifically advised him how to be treated. The defendant in the *LoDico* case simply issued his report to the carrier. The court pointedly noted that no liability could exist under these circumstances, where the doctor "[had] no reason to believe [that] the person examined [would] rely on [his] report" *(LoDico v Caputi, supra,* at 364, *see also, Murphy v Blum,* — AD2d — [2d Dept, Apr. 23, 1990]).

The present case is altogether different in light of the plaintiff's assertions that he did, in fact, rely on advice which Dr. Hutton gave directly to him. These assertions demonstrate the existence of triable issues of fact, and we therefore conclude that Dr. Hutton's motion for summary judgment, and, a fortiori, his motion to dismiss pursuant to CPLR 3211 (a) (7), should have been denied.

■ Whether the Supreme Court properly granted Travelers' motion is another matter. Travelers adduced evidence sufficient to establish as a matter of law that it was acting in its capacity as the workers' compensation carrier for the plain-

tiff's employer when it assigned Dr. Hutton to examine the plaintiff and that it acted properly pursuant to the Workers' Compensation Law when, based on Dr. Hutton's report, it concluded that surgery was not required as treatment for any work-related injury. It has therefore shown itself to be entitled to summary judgment in its favor pursuant to the rule of law announced in *Burlew v American Mut. Ins. Co.* (63 NY2d 412, 415).

In *Burlew v American Mut. Ins. Co. (supra),* it was held that the Workers' Compensation Law furnishes a shield against liability based on the "delay in authorizing surgery" and that such shield protects not only the injured party's employer, but also the employer's workers' compensation carrier *(Burlew v American Mut. Ins. Co., supra,* at 415; *see also,* Christensen, *Labor Relations Law,* 37 Syracuse L Rev 579, 595-596). Based on this holding, the Court of Appeals affirmed the grant of summary judgment in favor of a workers' compensation carrier, even though the plaintiff's complaint had alleged that the defendant's delay in authorizing surgery had been "wilful, malicious, wanton and otherwise grossly negligent" *(Burlew v American Mut. Ins. Co., supra,* at 415).

In *Burlew (supra),* it was acknowledged that "[i]ntentional injuries are not covered by the Workers' Compensation Law" *(Burlew v American Mut. Ins. Co., supra,* at 417). However, the court held that in order to state a cause of action against a workers' compensation carrier based on such intentional wrongdoing, the plaintiff must allege conduct "so extreme and outrageous as to exceed all bounds of decency" *(Burlew v American Mut. Ins. Co., supra,* at 417, citing *Fischer v Maloney,* 43 NY2d 553, 557; *see also, Briggs v Pymm Thermometer Corp.,* 147 AD2d 433). It follows that in order to defeat a motion for summary judgment, a plaintiff must adduce proof from which the occurrence of such "outrageous" conduct may be inferred *(see also, Kirkup v American Intl. Adj. Co.,* — AD2d — [2d Dept, Apr. 2, 1990]).

*DeMarco v Federal Ins. Co.* (99 AD2d 114), relied upon by the plaintiff, is distinguishable for two reasons. First, it involved a motion to dismiss the complaint for failure to state a cause of action *(see,* CPLR 3211 [a] [7]), thus requiring the court to assume that all of the plaintiff's allegations were true *(DeMarco v Federal Ins. Co., supra,* at 115). Second, the plaintiff in *DeMarco (supra)* alleged that the defendant carrier had disregarded the recommendations of its *own* doctor *(DeMarco v Federal Ins. Co., supra,* at 115). By contrast, in the

present case, the defendant properly made its motion pursuant to CPLR 3212, and demonstrated a prima facie entitlement to relief by proving, with reference to Dr. Hutton's report, a bona fide basis for its belief that surgery was unnecessary. In response, the plaintiff failed to produce competent evidence of the sort which would permit a trier of fact to infer that defendant committed any "outrageous" conduct.

■ For similar reasons, we conclude that the sixth cause of action, based on the intentional tort of conspiracy, and which is asserted against Dr. Hutton (as well as against Travelers) should also be dismissed. This cause of action is also subject to dismissal on the pleadings alone (see, CPLR 3211 [a] [7]) because New York does not recognize conspiracy as an independent tort. "The actionable wrong lies in the commission of a tortious act, or a legal one by wrongful means, but never upon the agreement to commit the prohibited act standing alone" (Cuker Indus. v Crow Constr. Co., 6 AD2d 415, 417; see also, Arcy Paint Co. v Resnick, 134 AD2d 392, 393; Ginsburg v Redmond Finishing Co., 75 AD2d 505, 506).

For the foregoing reasons, we conclude that the Supreme Court correctly granted summary judgment to Travelers, but erred in granting summary judgment to Dr. Hutton on the plaintiff's malpractice claim. Accordingly, the order of the Supreme Court, Suffolk County (Mallon, J.), dated August 16, 1988, made upon reargument, should be modified (1) by deleting the provision thereof which adhered to the determination in the order entered June 6, 1988, granting summary judgment to Dr. Hutton on the plaintiff's fifth cause of action, and (2) by substituting therefor (a) a provision vacating so much of the order entered June 6, 1988, as was in favor of Dr. Hutton and against the plaintiff on the plaintiff's fifth cause of action, (b) a provision vacating so much of the judgment entered June 21, 1988, as was in favor of Dr. Hutton and against the plaintiff on the plaintiff's fifth cause of action, and (c) a provision reinstating the plaintiff's fifth cause of action, and severing the plaintiff's fifth cause of action from the remainder of the complaint; as so modified, the order dated August 16, 1988, should be affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings with respect to the plaintiff's fifth cause of action against Dr. Hutton. The appeals from the order entered June 6, 1988, and from the judgment entered June 21, 1988, should be dismissed, without costs or disbursements, since that order and that judgment

were superseded by the order made upon reargument. The time of Dr. Hutton to serve his answer should be extended to 20 days after the service upon him of a copy of this opinion and order.

MANGANO, P. J., EIBER and HARWOOD, JJ., concur.

Ordered that the appeals from the order dated June 6, 1988, and the judgment entered June 21, 1988, are dismissed, without costs or disbursements, as that order and that judgment were superseded by the order dated August 16, 1988, made upon reargument; and it is further,

Ordered that the order dated August 16, 1988, is modified (1) by deleting the provision thereof which adhered to the determination in the order entered June 6, 1988, granting summary judgment to Dr. Hutton on the plaintiff's fifth cause of action and (2) by substituting therefor (a) a provision vacating so much of the order entered June 6, 1988, as was in favor of Dr. Hutton and against the plaintiff on the plaintiff's fifth cause of action, and (b) a provision vacating so much of the judgment entered June 21, 1988, as was in favor of Dr. Hutton and against the plaintiff on the plaintiff's fifth cause of action, and (c) a provision reinstating the plaintiff's fifth cause of action, and severing the plaintiff's fifth cause of action from the remainder of the complaint; as so modified, the order dated August 16, 1988, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the plaintiff's fifth cause of action; and it is further,

Ordered that the time for Dr. Hutton to serve his answer is extended to 20 days after the service upon him of a copy of this opinion and order.