■ ANTHONY L. VIOLANDI et al., Respondents, v CITY OF NEW YORK et al., Appellants.—Orders, Supreme Court, New York County (Helen E. Freedman, J.), entered December 6, 1990, which granted plaintiffs' motion for renewal and reargument, recalled an earlier order entered June 27, 1990 dismissing the complaint, and restored the case to the trial calendar, unanimously reversed, on the law, and the earlier order dismissing the complaint is reinstated, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff Anthony L. Violandi, a police officer, suffered a knee injury in the line of duty, for which he underwent arthroscopic surgery. Two and a half weeks thereafter he was routinely examined by defendant Cohen, a police department physician, whose evaluation led to a recommendation that the officer be returned to light ("limited capacity") duty. Violandi consulted his personal physician who could have disagreed, but instead concurred in that recommendation. A week later, having returned to work in the capacity as a switchboard operator, Violandi fell while on duty (allegedly when his knee buckled), struck his head and suffered a seizure. This medical malpractice action ensued, alleging negligence in prematurely returning Violandi to duty.

In initially dismissing the complaint, the IAS court correctly concluded that a cause of action against a physician depends upon the existence of a doctor-patient relationship, where the doctor has breached his professional duty to the patient (see, LoDico v Caputi, 129 AD2d 361, 363, lv denied 71 NY2d 804). Such a relationship would certainly exist where some kind of treatment, such as physical manipulation, took place during examination, thus exacerbating the injury (Twitchell v MacKay, 78 AD2d 125). Here, there was simply an examination and a recommendation given. But shortly thereafter, the IAS court reversed its position on the basis of the recently decided case of Hickey v Travelers Ins. Co. (158 AD2d 112), holding that affirmative advice by a referral doctor might, if relied upon, constitute a sufficient physician-patient relationship as to provide the framework for a medical malpractice action. The IAS court determined on renewal/reargument that Violandi was "actually directed to return to work

as a result of the police physician's determination." The court thus found a triable issue of fact as to whether the endorsement by Violandi's personal physician of the police doctor's back-to-work clearance negated the reliance factor.

The subsequent order was erroneous. A physician-patient relationship does not exist where the examination is conducted solely for the purpose or convenience or on behalf of an employer; in order to establish that relationship, there must be something more than a mere examination (*Lee v City of New York,* 162 AD2d 34, *lv denied* 78 NY2d 863), even where the examination results in a misdiagnosis reported to the employer (*LoDico v Caputi, supra*). Defendant Cohen's recommendation was merely an expression of opinion, which is nonactionable (*see, Roth v Tuckman,* 162 AD2d 941, *lv denied* 76 NY2d 712).

The *Hickey* case (*supra*) involved an allegation that erroneous medical advice (namely, to follow a conservative course of treatment rather than undergoing surgery) caused further injury. That court held that proof of the patient's reliance would still be required, as the IAS court here noted in its initial decision. The personal physician's independent endorsement of defendant Cohen's recommendation to return to limited duty did not create a triable issue on the question of reliance.

Our disposition renders it unnecessary for us to consider defendants' alternative argument on challenging a supervisor's back-to-work order. Concur—Rosenberger, J. P., Wallach, Ross, Asch and Kassal, JJ.