■ ROBERT DURSO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [673 NYS2d 651] —Order, Supreme Court, New York County (Walter Tolub, J.), entered January 9, 1997, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In the course of evaluating whether plaintiff's back injury disabled him from performing limited police duty, defendant police surgeon allegedly conferred with plaintiff's treating physicians, examined his records, ordered at least one diagnostic test, and on one occasion recommended that plaintiff not take a prescribed pain medication that made him nauseous. These actions did not constitute "advice" or "treatment" such as might take the case out of the well-established rule that "[a] physician-patient relationship does not exist where the examination is conducted solely for the purpose or convenience or on behalf of an employer; in order to establish that relationship, there must be something more than a mere examination" (*Violandi v City of New York*, 184 AD2d 364, 365; *compare*, *Twitchell v MacKay*, 78 AD2d 125; *Hickey v Travelers Ins. Co.*, 158 AD2d 112). In the absence of a factual issue regarding the existence of a physician-patient relationship, summary judgment was properly granted dismissing plaintiffs' complaint alleging malpractice or negligence. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Williams, JJ.