■ Louis F. O'Neill, Appellant, v Almudena O'Neill, Respondent. [694 NYS2d 772] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Queens County (Satterfield, J.), dated June 15, 1998, as, upon an order of the same court, dated January 22, 1997, granting the motion of the defendant wife for summary judgment dismissing the first, second, third, and fourth causes of action in the complaint, in effect, dismissed the first, second, third, and fourth causes of action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in May 1995 and the plaintiff commenced this action for a divorce in August 1996. The complaint included causes of action to recover damages for the intentional and negligent infliction of emotional distress and fraud, based primarily on the allegation that the defendant failed to inform him that her first husband died of AIDS in 1990 and that she was a potential carrier of the AIDS virus. In addition, the plaintiff sought punitive damages based on the same conduct. We agree with the Supreme Court that, although these causes of action were based on different legal theories, the plaintiff essentially sought to recover damages based on his fear of contracting AIDS from the defendant.

In order to maintain a cause of action for damages due to the fear of contracting AIDS, the plaintiff, who has not tested positive for the AIDS virus, was required to offer proof of actual exposure, "that is, proof of both a scientifically accepted method of transmission of the virus * * * and that the source of the allegedly transmitted blood or fluid was in fact HIV-positive"

(*Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36, 45).

The plaintiff cannot establish the second element as the evidence established that the defendant was not in fact HIV-positive. The defendant presented proof that she tested negative for the disease on three occasions before she began socializing with the plaintiff and that she tested negative for the disease in December 1996, after the action was commenced. Accordingly, since the plaintiff's fear of contracting AIDS from the defendant cannot be considered reasonable, he may not recover damages for emotional distress.

Similarly, the plaintiff's fraud cause of action cannot be sustained as it was based on allegations that the plaintiff misled him as to her HIV status and that, as a result, he suffered emotional injury due to his fear of contracting AIDS. Furthermore, compensatory damages in a fraud cause of action are limited to damages for pecuniary losses (*see, Juman v Wise Servs.,* 254 AD2d 72; *Helbig v City of New York,* 212 AD2d 506). Finally, the fourth cause of action in which the plaintiff sought punitive damages was properly dismissed as the plaintiff was unable to assert an underlying cause of action upon which a demand for punitive damages could be grounded (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 616; *Watts v Clark Assocs. Funeral Home,* 234 AD2d 538). O'Brien, J. P., Sullivan, H. Miller and Smith, JJ., concur.