■ JUDY FORRESTER et al., Appellants, v ZWANGER-PESIRI RADIOLOGY GROUP et al., Respondents. [710 NYS2d 620] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated May 11, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

A cause of action to recover damages for medical malpractice must be founded upon the existence of a physician-patient relationship (*see, Delacy v University Radiology Assocs.,* 254 AD2d 450; *Megally v LaPorta,* 253 AD2d 35; *Heller v Peekskill Community Hosp.,* 198 AD2d 265; *Lee v City of New York,* 162 AD2d 34, 36; *Hickey v Travelers Ins. Co.,* 158 AD2d 112, 116). Generally, no physician-patient relationship exists if the physician is retained solely to examine an employee on behalf of an employer (*see, Delacy v University Radiology Assocs., supra; Heller v Peekskill Community Hosp., supra; Lee v City of New York, supra*).

Here, the defendant Grill, who was a doctor for the decedent's new employer, referred the decedent for a pre-employment chest X-ray on September 15, 1995, and then "track[ed] him down" for a second chest X-ray. In September 1995 Grill started a "Chronological Medical Record (HISTORY, DIAGNOSIS, AND TREATMENT)" for the decedent, and noted the results of the two chest X-rays therein. Further, Grill acknowledged at his examination before trial that he treated the decedent in November 1995 for an upper respiratory infection, and, at that time, noted, circled, and signed on the decedent's medical record that the second chest X-ray of September 29, 1995, showed minimal interstitial fibrosis of the right apex of the lungs with "no nodules or infiltrates". His entries indicate that at the time he rendered that treatment, he examined the decedent and determined that his lungs were clear.

Thus, there are issues of fact as to whether a physician-patient relationship existed in this case.

According to the plaintiff's experts, the September 29, 1995, X-ray did in fact show a nodule, and the failure to order a CAT scan to ascertain the nature of the density in the right apex was contrary to accepted practice. Those experts further stated that had a CAT scan of the right apex been ordered of the purported interstitial fibrosis, cancer of the right lung would have been diagnosed when the tumor was only 12 millimeters in size, and the cure rate was 60 to 70%. The decedent's employer ultimately ordered another chest X-ray in March 1997, which revealed a three- to four-centimeter tumor, with a cure rate of less than 5%. The decedent succumbed to inoperable lung cancer less than 11 months later.

In view of the foregoing, there are questions of fact which preclude the granting of summary judgment (*see, Lee v City of New York, supra*). Ritter, J. P., Santucci, Altman and Goldstein, JJ., concur.