■ SONYA Y. WHITE et al., Appellants, v SOUTHSIDE HOSPITAL et al., Defendants, and WILLIAM M. FUCHS, Respondent. [721 NYS2d 678] —In an action, *inter alia,* to recover damages for

wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated March 16, 2000, as granted the motion of the defendant William M. Fuchs for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondent, Dr. William M. Fuchs, established a prima facie case of his entitlement to judgment as a matter of law. He presented uncontradicted evidence that he examined the decedent, Ophelia White, only once, solely for the purpose of a pre-employment physical and that he did not thereafter provide any treatment to her. Accordingly, no physician-patient relationship was created unless Dr. Fuchs affirmatively advised the decedent as to a course of treatment (*see, Heller v Peekskill Community Hosp.,* 198 AD2d 265; *Hickey v Travelers Ins. Co.,* 158 AD2d 112). The evidence that Dr. Fuchs advised the decedent of a positive tuberculosis test result and that she should obtain a second opinion is insufficient to raise a triable issue of fact that Dr. Fuchs affirmatively advised the decedent as to a course of treatment (*see, Durso v City of New York,* 251 AD2d 8; *Violandi v City of New York,* 184 AD2d 364; *cf., Forrester v Zwanger-Pesiri Radiology Group,* 274 AD2d 374; *Heller v Peekskill Community Hosp., supra*). As liability for medical malpractice may not be imposed in the absence of a physician-patient relationship, the Supreme Court properly granted the motion of Dr. Fuchs for summary judgment dismissing the complaint insofar as asserted against him (*see, Zimmerly v Good Samaritan Hosp.,* 261 AD2d 614). O'Brien, J. P., Friedmann, H. Miller and Schmidt, JJ., concur.