■ MARY J. GEDON, Individually and as Administratrix of the Estate of DANA E. GEDON, M.D., Deceased, Respondent-Appellant, v BRY-LIN HOSPITALS, INC., et al., Respondents, and TIA MATTHEWS, as Administratrix of the Estate of ARTHUR MATTHEWS, M.D., Deceased, et al., Appellants-Respondents, et al., Defendant. [730 NYS2d 641] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On February 12, 1993, Dana E. Gedon, M.D. (Gedon), an anesthesiology resident, missed a scheduled surgery, appeared disoriented and dazed

when finally located, was found in possession of rubber tubing, syringes and needles, and refused to submit to a drug test. Suspecting drug abuse, Gedon's supervisor referred Gedon to the Committee for Physician's Health (CPH), which referred Gedon to the Impaired Physician Assessment Program of defendant Bry-Lin Hospitals, Inc. (Bry-Lin). The coordinator of that program requested that numerous experts evaluate Gedon to determine the possible causes of his behavior. Defendant Arthur Matthews, M.D. participated in group therapy discussions with Gedon. Defendant Frank Alabiso, Ph.D., a psychologist, d/b/a Western New York Institute for the Psychotherapies, performed a psychological evaluation and defendant Ellen S. Dickinson, M.D., a psychiatrist, performed a psychiatric evaluation, and they concluded respectively that he did not suffer from a psychological or psychiatric illness. Defendant Philip R. Scozzaro, Ph.D., an employee of Bry-Lin, performed a chemical dependency evaluation and recommended that Gedon enter group therapy. On May 28, 1993, Gedon was found dead in his home from an overdose of an anesthetic narcotic available only through hospital pharmacies.

Plaintiff commenced this action, individually and as administratrix of Gedon's estate, alleging, *inter alia*, that defendants failed to recommend or provide the proper treatment for Gedon's complaints of chemical dependency and addiction. Matthews, Alabiso and Dickinson each moved for summary judgment dismissing the complaint against them, contending that they owed no duty of care to Gedon. Matthews and Dickinson further contended that, if a duty was found to exist, they neither breached a duty of care nor caused Gedon's subsequent overdose. Plaintiff cross-moved for summary judgment on liability against all defendants.

Supreme Court erred in denying the motions of Alabiso and Dickinson. In support of their motions, Alabiso and Dickinson submitted evidence establishing that, as members of an assessment team, they evaluated Gedon to determine whether there was either a psychological or psychiatric reason for his abnormal behavior on February 12, 1993, and that, once they concluded respectively that Gedon did not suffer from a psychological or psychiatric illness, their involvement with Gedon terminated. They further established that they made no recommendations, gave no advice and provided no treatment, and plaintiff failed to raise a triable issue of fact. "[I]t is generally recognized that liability for medical malpractice may not be imposed in the absence of a physician-patient relationship" (*Megally v LaPorta*, 253 AD2d 35, 40; *see, Lee v City of New*

*York*, 162 AD2d 34, 36, *lv denied* 78 NY2d 863). "In the absence of such relationship, there is no legal duty and hence no basis for liability for medical malpractice" (*Campbell v Haber*, 274 AD2d 946, 948 [Kehoe, J., dissenting]). It has been consistently held that "there must be something more than a mere examination" to establish the existence of a physician-patient relationship (*Violandi v City of New York*, 184 AD2d 364, 365; *see, e.g., Forrester v Zwanger-Pesiri Radiology Group*, 274 AD2d 374; *Durso v City of New York*, 251 AD2d 8). While Alabiso is a psychologist, not a physician, no party contends that his professional duty to Gedon should be determined by a different standard, and we perceive no reason to impose a different standard here.

Alabiso and Dickinson further established that they are not vicariously liable based on their status as members of the assessment team. "In the absence of some recognized traditional legal relationship * * * between physicians in the treatment of patients, the imposition of liability on one for the negligence of the other has been largely limited to situations of joint action in diagnosis or treatment or some control of the course of treatment of one by the other" (*Graddy v New York Med. Coll.*, 19 AD2d 426, 429; *see, Kavanaugh v Nussbaum*, 71 NY2d 535, 547). Alabiso and Dickinson established that they neither participated in the diagnosis and treatment of Gedon as it related to his disease of addiction nor had any authority or control over the actual treatment provided (*see, Kavanaugh v Nussbaum, supra*, at 547; *Wahila v Kerr*, 204 AD2d 935, 937; *Markley v Albany Med. Ctr. Hosp.*, 163 AD2d 639, 640), and plaintiff failed to raise a triable issue of fact.

We further conclude, however, that the court properly denied Matthews' motion. Matthews submitted conflicting evidence with respect to his "level of participation in [Gedon's] treatment" (*Campbell v Haber*, 274 AD2d 946, 947) and thus failed to establish as a matter of law that he did not owe a duty of care to Gedon. The court also properly denied plaintiff's cross motion seeking summary judgment on liability. The conflicting affidavits of medical experts with respect to causation and the alleged deviations from the accepted standard of care by Matthews, Bry-Lin, and Scozzaro present credibility issues that cannot be resolved on a motion for summary judgment (*see, Cranker v Infantino*, 229 AD2d 908, 908-909; *see also, Halkias v Otolaryngology-Facial Plastic Surgery Assocs.*, 282 AD2d 650; *Walker v Mount Vernon Hosp.*, 272 AD2d 468; *see generally, Farkas v Saary*, 191 AD2d 178, 180-181).

We therefore modify the order by granting the motions of Al-

abiso and Dickinson and dismissing the complaint against them. (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.