■ **Kevin R. Healy,** an Infant, by His Mother and Natural Guardian, **Patricia Healy,** et al., Appellants-Respondents, v **Winthrop University Hospital** et al., Defendants, **Steven Klein** et al., Respondents, and **Ira J. Spector,** Respondent-Appellant. [731 NYS2d 478] —In an action to recover damages for

personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated November 1, 1999, as granted the separate motions of the defendant Robert Allan Frank and the defendants Steven Klein and Renu Aggarwal for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Ira Joel Spector cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs payable by the appellants-respondents.

The plaintiffs commenced this action against the treating physicians of the plaintiff Patricia Healy and the infant plaintiff for injuries allegedly sustained by the infant plaintiff in utero and after birth. Patricia Healy conceived triplets, and the infant plaintiff shared a placenta with a fetus that had demised. The infant plaintiff sustained injuries at some point after the demise from a lack of blood flow to the brain. The plaintiffs alleged that it was necessary to perform a procedure called a selective reduction to remove the demised fetus while it was still viable, and that they should have been advised of that necessity. They also alleged that the doctors were negligent for prolonging the pregnancy since they were aware of the risk of injury to the infant plaintiff from the demised fetus.

The respondents established their prima facie entitlement to judgment as a matter of law. In response, the plaintiffs failed to raise a triable issue of fact to defeat the respondents' respective motions (*see, Barbarito v Western Queens Community Hosp.,* 271 AD2d 627; *Hickey v Travelers Ins. Co.,* 158 AD2d 112; *Holbrook v United Med. Ctr.,* 248 AD2d 358). To establish liability that a physician negligently gave advice to his or her patient as to what course of treatment to pursue, it must be proved that the doctor's advice was, in fact, incorrect, that the issuance of such advice constituted professional malpractice, that it was foreseeable that the patient would rely on such advice, and that the patient did, in fact, rely on such advice to her detriment (*see, Hickey v Travelers Ins. Co., supra*). Dr. Steven Klein informed Patricia Healy that selective reduction was a risky procedure. The plaintiffs' expert affirmation was conclusory and failed to rebut this evidence. Thus, there is no evidence that Dr. Klein committed malpractice in advising the

plaintiffs. Moreover, there is no indication in the record that the plaintiffs relied on Dr. Klein's advice. In fact, the uncontroverted evidence indicates that Patricia Healy was strongly against the procedure.

The only evidence submitted in support of the plaintiffs' allegation that Dr. Robert Allen Frank was negligent in failing to perform a Cesarian section three days earlier than when it was performed is the conclusory affidavit of their expert, who failed to refer to specific facts in the record that would indicate that harm had occurred to the infant plaintiff during the three days prior to delivery. Moreover, the plaintiffs failed to rebut evidence that the injury had occurred prior to Dr. Frank's care of the infant plaintiff (*see, Fhima v Maimonides Med. Ctr.*, 269 AD2d 559).

The plaintiffs failed to establish that any alleged negligence on the part of Dr. Renu Aggarwal was a proximate cause of the infant plaintiff's injuries (*see, Holbrook v United Med. Ctr., supra*). S. Miller, J. P., Smith, Crane and Cozier, JJ., concur.