■ DAVID B. JACOBS, Appellant, v MICHAEL H. MOSTOW et al., Defendants, and STEVEN A. FAYER, Respondent. JASPAN SCHLESINGER HOFFMAN, LLP, Nonparty Respondent. [761 NYS2d 500] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered April 4, 2002, as granted the motion of the defendant Steven A. Fayer for summary judgment dismissing the complaint insofar as asserted against him and denied that branch of the plaintiff's cross motion which was for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In June 2000, in response to a request from the defendant Board of Education of the Roosevelt Union Free School District, the defendant Steven A. Fayer, a licensed psychiatrist, conducted an evaluation of the plaintiff's fitness to teach. After examining the plaintiff and administering certain tests, Dr. Fayer concluded that the plaintiff suffered from a condition that rendered him unable to perform his job as a teacher.

The Supreme Court properly granted summary judgment to Dr. Fayer dismissing the complaint insofar as asserted against him. In response to Dr. Fayer's prima facie showing of entitlement to judgment as a matter of law, the plaintiff merely asserted unsubstantiated allegations which were insufficient to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). With respect to the plaintiff's causes of action alleging psychiatric malpractice, negligence, and negligent infliction of emotional distress, the plaintiff failed to demonstrate the existence of a physician-patient relationship or the breach of any duty owed to him (see Losquadro v Winthrop Univ. Hosp., 216 AD2d 533, 534 [1995]; Violandi v City of New York, 184 AD2d 364, 365 [1992]; Murphy v Blum, 160 AD2d 914, 915 [1990]).

In addition, the plaintiff failed to come forward with any evidence that Dr. Fayer made misrepresentations in order to deceive him or that he was induced to act by any such misrepresentations to support a cause of action alleging fraud (see Pappas v Harrow Stores, 140 AD2d 501, 504 [1988]; cf. Jo Ann Homes at Bellmore v Dworetz, 25 NY2d 112, 119 [1969]). The plaintiff also presented no evidence that Dr. Fayer intended to harm him to support a cause of action alleging prima facie tort (see Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]). Similarly, he offered no proof of intentional or outrageous conduct on the part of Dr. Fayer to support a cause

of action alleging intentional infliction of emotional distress (*see Howell v New York Post Co.,* 81 NY2d 115, 121-122 [1993]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to amend the complaint as there was no merit to the proposed amended pleading (*see Kaplansky v Kaplansky,* 212 AD2d 667, 667-668 [1995]; *Del Bourgo v 138 Sidelines Corp.,* 208 AD2d 795, 796 [1994]). Altman, J.P., Krausman, Luciano and Crane, JJ., concur.