■ MARTIN JUMAN et al., Appellants-Respondents, v LOUISE WISE SERVICES, Respondent-Appellant. MARTIN JUMAN, as Administrator of the Estate of MICHAEL JUMAN, Deceased, Appellant, v LOUISE WISE SERVICES et al., Respondents. [770 NYS2d 305]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered September 8, 2000, which, in the first of the above-captioned actions, to the extent appealed and cross-appealed from, granted defendant's motion to preclude plaintiffs in this action for "wrongful adoption" from offering evidence of lost earnings allegedly attributable to heart attacks induced by emotional stress stemming from the alleged wrongful adoption, and denied, in part, defendant's motion for partial summary judgment dismissing plaintiffs' claims for punitive damages, unanimously modified, on the law, to grant defendant's motion for summary judgment dismissing plaintiffs' claims for punitive damages in its entirety, and otherwise affirmed, without costs. Order, same court and Justice, entered July 24, 2002, which, in the second of the above-captioned actions, granted defendants' motion to confirm the report of the Special Referee finding that plaintiff's decedent Michael Juman was not entitled to toll the running of the applicable statutory period pursuant to CPLR 208, unanimously affirmed, without costs.

In these actions arising out of the alleged wrongful adoption of Michael Juman by plaintiffs Martin and Phyllis Juman, we have already had occasion to note that any compensatory damages recovered by plaintiffs should be limited to damages for pecuniary loss directly attributable to the alleged fraud (254

AD2d 72, 74 [1998]). Damages for emotional distress or for its somatic sequelae, such as the heart condition that is alleged to have caused plaintiff Martin Juman's premature retirement, do not fall within this description (*id.*; *and see Jeffrey BB. v Cardinal McCloskey School & Home for Children*, 257 AD2d 21, 24 [1999]) and were properly disallowed by the motion court. However, the motion court erred in concluding that plaintiffs were entitled to seek punitive damages for defendant's alleged disregard of its disclosure obligations under Social Services Law § 373-a subsequent to September19, 1983, the effective date of the enactment setting a statutory standard for disclosure. Defendant's conduct subsequent to September 1983 is irrelevant to plaintiffs' wrongful adoption claim, since the operative facts are those that occurred at and around the time of the 1966 adoption.

Finally, inasmuch as the findings of the Referee, to the effect that plaintiff's decedent Michael Juman was not unable to protect his legal rights by reason of "an over-all inability to function in society" (*see McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]), are well supported in the record, the Referee's conclusion that Michael Juman was not entitled to a toll of the statutory period pursuant to CPLR 208 was properly confirmed (*see Burgos v City of New York*, 294 AD2d 177 [2002]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Sullivan, Lerner and Friedman, JJ.