◼ Winston Lawliss, Respondent, v Joseph L. Quellman, Appellant. [832 NYS2d 328]—

Rose, J. Appeal from an order of the Supreme Court (Dawson, J.), entered April 4, 2006 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

After injuring his right shoulder at work, plaintiff consulted an orthopedic specialist who diagnosed a ruptured biceps and recommended immediate surgical repair. His employer's workers' compensation carrier disputed the need for surgery and required him to undergo an independent medical examination (hereinafter IME). To that end, plaintiff was examined by defendant, who is also an orthopedic specialist. Based on that examination, defendant reported to the carrier that surgery was not indicated for plaintiff's condition and, instead, he should pursue physical therapy. Accordingly, the carrier refused to approve surgery and plaintiff engaged in physical therapy, but it proved ineffective. Plaintiff ultimately underwent surgery on his shoulder, but this also proved ineffective, allegedly because of the lapse of time following the injury. Plaintiff then commenced this medical malpractice action, alleging that defendant had advised him during the IME that surgery was not indicated for his condition and physical therapy would be the appropriate treatment. He further alleged that he relied upon this advice, it was incorrect and the resulting delay in having surgery caused him to suffer an 80% loss of use of his shoulder. Defendant moved for summary judgment dismissing the complaint, Supreme Court denied the motion and we now affirm.

While an IME performed at the request of a third party does not ordinarily give rise to an actionable physician-patient relationship (see Savarese v Allstate Ins. Co., 287 AD2d 492, 493 [2001]; Lee v City of New York, 162 AD2d 34, 36 [1990], lv denied 78 NY2d 863 [1991]), such a relationship may be implied where the IME physician affirmatively advises the patient (see White v Southside Hosp., 281 AD2d 474, 475 [2001]; Heller v Peekskill Community Hosp., 198 AD2d 265, 266 [1993]; Hickey v Travelers Ins. Co., 158 AD2d 112, 115-116 [1990]). Recognizing that the question of whether the advice given is sufficient to create an implied physician-patient relationship is generally for the finder of fact (see Campbell v Haber, 274 AD2d 946, 947 [2000]; Cogswell v Chapman, 249 AD2d 865, 866 [1998]) and viewing the evidence most favorably to plaintiff as the nonmoving party (see Moons v Wade Lupe Constr. Co., Inc., 24 AD3d 1005, 1006 [2005]; Macri v Smith, 12 AD3d 896, 897 [2004]), we agree with Supreme Court that plaintiff presented evidentiary facts tending to show that defendant affirmatively advised him as to the inappropriateness of surgery and recommended physical therapy as an alternate course of treatment (see Hickey v Travelers Ins. Co., supra at 116). Similarly, the remaining issues of whether defendant's advice was negligent and plaintiff's reliance was foreseeable and detrimental also present questions of fact which should be resolved by a jury.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.