■ NICOLE SCIVOLI, Respondent, v EYAL LEVIT, Appellant. [846 NYS2d 235]—

In an action to recover damages for fraud, negligent misrepresentation, negligent supervision, and negligent hiring, the defendant appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated January 11, 2007, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed, with costs.

The defendant failed to establish the existence of a physician-patient relationship which would give rise to a medical malprac-

tice cause of action so as to avail the defendant of the benefit of the 2½ year statute of limitation provided by CPLR 214-a (see *White v Southside Hosp.*, 281 AD2d 474, 475 [2001]). The complaint alleges that the plaintiff did not meet or speak with the defendant or any licensed or qualified health care provider prior to undergoing a procedure performed by a cosmetologist employed in the defendant's office. The defendant failed to submit any evidence or affidavits which contradicted any of these factual claims or demonstrate that the material facts alleged by the plaintiff were not facts at all (see *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 162 [1997], *cert denied* 522 US 967 [1997]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the plaintiff's complaint as time-barred.

Additionally, contrary to the defendant's contention, the fact that the damages recoverable for fraud do not include emotional distress or pain and suffering does not justify dismissal of the complaint where there is some likelihood that the plaintiff may be able to establish at trial some pecuniary injury (see *Jeffrey BB. v Cardinal McCloskey School & Home for Children*, 257 AD2d 21, 24 [1999]).

The Supreme Court also properly determined that the plaintiff's complaint sufficiently set forth the elements of the causes of action sounding in fraud, negligent misrepresentation, negligent supervision, and negligent hiring.

The defendant's remaining contentions are without merit. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.