# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**718**
**CA 11-00275**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

CHERYL A. HAAS AND WILLIAM K. HAAS,
PLAINTIFFS-RESPONDENTS,

                          V                              MEMORANDUM AND ORDER

F.F. THOMPSON HOSPITAL, INC., F.F. THOMPSON
HEALTH SYSTEM, INC., F.F. THOMPSON FOUNDATION,
INC., F.F. THOMPSON CONTINUING CARE CENTER,
INC., ELIZABETH DUBOVSKY, M.D., JOHN NICHOLS,
M.D., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

HIRSCH & TUBIOLO, P.C., ROCHESTER (CHRISTOPHER S. NOONE OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

DIBBLE & MILLER, P.C., ROCHESTER (JOHN J. JAKUBEK OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered June 22, 2010 in a medical malpractice action. The order, insofar as appealed from, denied those parts of the motion of defendants F.F. Thompson Hospital, Inc., F.F. Thompson Health System, Inc., F.F. Thompson Foundation, Inc., F.F. Thompson Continuing Care Center, Inc., Elizabeth Dubovsky, M.D. and John Nichols, M.D. seeking summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendants-appellants (defendants) appeal from an order that, inter alia, denied those parts of their motion for summary judgment dismissing the complaint against them in this medical malpractice action. We affirm. Even assuming, arguendo, that defendants met their initial burden on the motion, we conclude that plaintiffs raised triable issues of fact sufficient to defeat the motion by submitting the affidavit of their medical expert (*see Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). "The conflicting opinions of the experts for plaintiff[s] and defendant[s] with respect to . . . defendant[s'] alleged deviation[s] from the accepted standard of medical care [and whether those alleged deviations affected the extent of the injuries sustained by plaintiff Cheryl A. Haas] present credibility issues that cannot be resolved on a motion for summary

judgment" (*Ferlito v Dara*, 306 AD2d 874; *see Gedon v Bry-Lin Hosps.*, 286 AD2d 892, 894, *lv denied* 98 NY2d 601).

Entered:  July 1, 2011                              Patricia L. Morgan
                                                   Clerk of the Court