# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**159**
**CA 15-00767**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND SCUDDER, JJ.

---

ROGER D. FELLER AND SHERRI FELLER,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

EARTH LEASING, LLC, ALLIANCE CONTRACTING, LLC,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

TRONOLONE & SURGALLA, P.C., BUFFALO (ELEANOR B. FERRY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 8, 2015. The order granted the motion of defendants Earth Leasing, LLC and Alliance Contracting, LLC to dismiss plaintiffs' complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action in August 2010 to recover damages for injuries sustained by Roger D. Feller (plaintiff) when a piece of rebar was propelled into the back of his head as he operated an excavator at a demolition site in July 2006. Defendants-respondents (defendants) moved to dismiss the action against them as time-barred, and plaintiffs contended in opposition to the motion that the statute of limitations had been tolled pursuant to CPLR 208 based on plaintiff's insanity, i.e., that his injuries had left him "unable to protect [his] legal rights because of an [overall] inability to function in society" for a period that would have rendered the action timely (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548). After a hearing on the issue of insanity, Supreme Court granted defendants' motion, and plaintiffs appeal. We affirm.

Even assuming, arguendo, that CPLR 4213 "applies to a hearing before the court for the resolution of factual issues incident to the disposition of a motion challenging [the timeliness of an action], as distinguished from a trial on the merits" (*Slotnick v Campanile*, 38 NY2d 986, 987; *see generally Matter of Thompson v Unczur*, 55 AD2d 818, 818, *lv denied* 42 NY2d 806), and thus that the court erred in failing to "state the facts it deem[ed] essential" in its decision (CPLR 4213

[b]), we nonetheless conclude that "the record is sufficient to enable us to make the requisite findings" (*Matter of Yaddow v Bianco*, 115 AD3d 1338, 1339).  Based on our review of the record, we conclude that the court properly determined that plaintiff's mental condition did not render him unable to function in society (*see generally McCarthy*, 55 NY2d at 548; *Brown v Rochester Gen. Hosp.*, 292 AD2d 855, 855-856, *lv denied* 98 NY2d 607).

At the hearing, a neurosurgeon who treated plaintiff on four postaccident occasions in 2006 testified for defendants that plaintiff was able to engage in a normal physician-patient relationship, and that there was "never any doubt in [his] mind that [plaintiff] was competent to make his own decisions at that time."  Defendants also submitted the deposition testimony of two attorneys who performed legal work for plaintiff in 2007, wherein they testified that plaintiff was capable of making legal decisions.  In addition, the neuropsychologist who testified for plaintiffs at the hearing conceded that plaintiff was lucid during their interactions, and that plaintiff "could answer anybody's questions."  Affording due deference to the court's resolution of credibility issues (*see Lynch v Carlozzi*, 129 AD3d 1240, 1243; *see generally Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170), we conclude that its determination is "well supported in the record" (*Juman v Louise Wise Servs.*, 3 AD3d 309, 310; *see Thompson v Metropolitan Transp. Auth.*, 112 AD3d 912, 913-914; *Rodriguez v Mount Sinai Hosp.*, 96 AD3d 534, 535).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court