■ PATRICIA WILLIAMS, Respondent, v RONALD MANN, Appellant. [38 NYS3d 818]—In an action to recover damages for fraud, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated September 24, 2014, as denied that branch of his motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action to recover damages for fraud. The defendant moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court denied that branch of the motion. The defendant appeals.

"In a fraud action, a plaintiff may recover only the actual pecuniary loss sustained as a direct result of the wrong" (*Continental Cas. Co. v PricewaterhouseCoopers, LLP*, 15 NY3d 264, 271 [2010]; *see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Reno v Bull*, 226 NY 546, 553 [1919]; *Nettles v LSG Sky Chefs*, 94 AD3d 726, 731 [2012]; *Maisano v Beckoff*, 2 AD3d 412, 413 [2003]). Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the sole damages claimed to have been sustained by the plaintiff were pain, suffering, and mental

anguish. In opposition, the plaintiff failed to raise a triable issue of fact as to whether she sustained any actual pecuniary loss as a consequence of the defendant's alleged fraud (*see Scivoli v Levit*, 45 AD3d 667, 668 [2007]; *Juman v Louise Wise Servs.*, 3 AD3d 309, 309 [2004]; *O'Neill v O'Neill*, 264 AD2d 766, 767 [1999]; *Jeffrey BB. v Cardinal McCloskey School & Home for Children*, 257 AD2d 21, 24 [1999]; *Rivera v Wyckoff Hgts. Hosp.*, 184 AD2d 558, 561 [1992]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.