KEITH A. LICHT, Plaintiff, v HOHL MACHINE & CONVEYOR Co., INC., et al., Defendants and Third-Party Plaintiffs-Respondents. JAMES R. UPSON, Third-Party Defendant-Appellant.—

Where an injured party is examined by a physician acting on behalf of an insurance carrier, the physician is not liable for failure to diagnose an existing condition because the doctor "neither offers nor intends to treat, care for or otherwise benefit" the person examined, and has no reason to believe the person examined will rely upon the report *(Johnston v Sibley,* 558 SW2d 135, 137-138 [Tex Civ App]). Here, however, the physician went beyond his engagement as an examiner on behalf of the insurance carrier; he undertook to benefit plaintiff by giving medical advice to him directly. Moreover, a jury could find he had reason to believe that plaintiff would rely upon that advice because he later had a telephone conversation with plaintiff's treating physician in which he reconfirmed that advice. Here, as in *Credit Alliance Corp. v Andersen & Co.* (65 NY2d 536, 550), Dr. Upson, although not retained by plaintiff, imparted information directly to him and engaged in conduct which evinced an understanding that plaintiff would rely upon that information, or so a jury could find. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.