■ DAVID HELLER, Respondent, v PEEKSKILL COMMUNITY HOSPITAL et al., Defendants, and JAY J. WINOKUR, Appellant. [603 NYS2d 548] —In an action to recover damages for medical malpractice, the defendant Jay Joseph Winokur appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 16, 1991, which denied his motion, *inter alia,* for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff, after allegedly injuring his back while at work, was sent to the appellant Dr. Jay Winokur, to be examined for purposes of determining his eligibility for Workers' Compensation. The plaintiff alleges that, over the course of the several examinations conducted by Dr. Winokur, Dr. Winokur not only recommended physical therapy and suggested a therapist, but also told the plaintiff that his back condition had improved and that he was able to return to work without restriction of his activities. However, the plaintiff alleges, his return to work was premature and either caused a herniated disc or exacerbated an undiagnosed herniated disc, necessitating surgery. This, he asserts, was medical malpractice. Dr. Winokur moved to dismiss the complaint, or for summary judgment, alleging that no doctor-patient relationship existed between the parties.

In order to maintain an action to recover damages arising from medical malpractice, a doctor-patient relationship is necessary *(see, Lee v City of New York,* 162 AD2d 34; *Murphy v Blum,* 160 AD2d 914; *Hickey v Travelers Ins. Co.,* 158 AD2d 112; *Fraser v Brunswick Hosp. Med. Ctr.,* 150 AD2d 754). This relationship is created when professional services are rendered and accepted by another person for purposes of medical or surgical treatment and may be based either on an express or implied contract *(see, Lee v City of New York, supra).* In general, this relationship is not formed when a doctor exam-

ines a patient solely for purposes of rendering an evaluation for an employer or potential employer *(see, e.g., Lee v City of New York, supra* [firefighter's physical exam]; *Murphy v Blum, supra* [Workers' Compensation claim]; *Hickey v Travelers Ins. Co., supra* [Workers' Compensation claim]; *LoDico v Caputi,* 129 AD2d 361 [Workers' Compensation claim]). However, an important exception to this rule occurs when the examining doctor causes further injury by either affirmatively treating the patient or affirmatively advising the patient as to a course of treatment *(see, Lee v City of New York, supra; Hickey v Travelers Ins. Co., supra; LoDico v Caputi, supra; Licht v Hohl Mach. & Conveyor Co.,* 158 AD2d 1000). In order for affirmative advice to be actionable, the plaintiff must prove: (1) that the advice given was incorrect, (2) that it was foreseeable that the plaintiff would rely on such advice, and (3) that the plaintiff did in fact rely on the advice to his or her detriment *(see, Lee v City of New York, supra; Hickey v Travelers Ins. Co., supra; Bradley v St. Charles Hosp.,* 140 AD2d 403; *Fraser v Brunswick Hosp. Med. Ctr., supra; Licht v Hohl Mach. & Conveyor Co., supra).* Here, the plaintiff alleges that Dr. Winokur affirmatively advised him as to a course of treatment by suggesting that he seek physical therapy from a specified physical therapist and by directly advising him that he was fit to return to work without restriction as to the type of physical activity he was to perform there. Further, he alleges, this latter advice, which caused or exacerbated his injuries, was both incorrect and foreseeably relied upon. These allegations are sufficient to withstand a motion to dismiss for failure to state a cause of action and/or for summary judgment. They are rebutted only by the conclusory assertion by Dr. Winokur that "At no time did I treat the plaintiff" *(see,* CPLR 3211, 3212; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *People v New York City Tr. Auth.,* 59 NY2d 343; *Sanders v Winship,* 57 NY2d 391). Accordingly, the motion was properly denied. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.