■ MARGARET FINNEGAN et al., Respondents, v WILLIAM DEVRIES et al., Appellants. [652 NYS2d 625] —In an action, *inter alia,* to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated May 9, 1995, which (1) upon granting that branch of the plaintiffs' motion which was for leave to renew the defendants' motion for summary judgment dismissing the claim for damages for personal injuries asserted on behalf of the plaintiff Michael Finnegan, in effect, denied the defendants' motion for summary judgment, and (2) granted the branch of the plaintiffs' motion which was for leave to serve an amended complaint asserting a cause of action to recover damages for personal injuries allegedly sustained by the plaintiff Michael Finnegan.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the plaintiffs' motion which was for leave to serve an amended complaint asserting a cause of action to recover damages for personal injuries allegedly sustained by the plaintiff Michael Finnegan, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the appellants.

The plaintiff Margaret Finnegan brought this action to recover damages for the alleged medical malpractice of the defendant obstetricians and gynecologists in failing to diagnose her ectopic pregnancies. Her husband, the plaintiff Michael Finnegan, sought to recover damages for loss of consortium. In their bill of particulars, the plaintiffs alleged, for the first time, that the defendants were responsible for personal injuries suffered by Michael Finnegan which were related to a subsequent surgical procedure and fertility evaluation by other physicians. The defendants moved for summary judgment dismissing Michael Finnegan's claim for personal injuries as set forth in the bill of particulars. By order dated October 7, 1994, the Supreme Court granted the defendants' motion for summary judgment. However, by order dated May 9, 1995, the Supreme Court granted the plaintiffs' motion to renew and for leave to serve an amended complaint which included a cause of action to recover damages for personal injuries allegedly sustained by Michael Finnegan.

By granting the plaintiffs' motion, the Supreme Court, in effect, denied the defendants' motion for summary judgment. The Supreme Court reasoned that an expert's affidavit submitted by the plaintiffs was sufficient to support Michael Finnegan's proposed cause of action. We affirm so much of the order as, in effect, denied the defendants' motion for summary

judgment, but on a different ground than that relied upon by the Supreme Court. The defendants' motion for summary judgment was premature, since the complaint did not contain a cause of action to recover damages for personal injuries on behalf of Michael Finnegan.

However, the Supreme Court erred in granting that branch of the plaintiffs' motion which was for leave to amend the complaint to assert a cause of action to recover damages for personal injuries on behalf of Michael Finnegan, since he failed to assert a legally cognizable claim against the defendants. In the absence of evidence that Michael Finnegan had a physician-patient relationship with the defendants, his claim that they deviated from the standards of proper medical practice by failing to timely evaluate his fertility status is insufficient as a matter of law (see, Heller v Peekskill Community Hosp., 198 AD2d 265). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.