■ CARRIE SAVARESE, Respondent, v ALLSTATE INSURANCE COMPANY et al., Defendants, and PAUL G. JONES et al., Appellants. [731 NYS2d 226] —In an action to recover damages for breach of an insurance contract and medical malpractice, the defendants Paul G. Jones and Michael Carciente appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (O'Rourke, J.), dated February 23, 2001, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants is granted, and the action against the remaining defendants is severed.

The plaintiff alleges that the appellant doctors were employed by the plaintiffs' no-fault insurance carrier, Allstate Insurance Company (hereinafter Allstate), to perform independent medical examinations of the plaintiff. The appellants allegedly negligently performed those examinations, which resulted in the wrongful termination of the plaintiff's medical benefits by Allstate. The plaintiff alleged that, in performing the examinations, the appellants, *inter alia*, failed to perform proper procedures, provide for proper testing, consult with the treating physicians, review symptoms presented, or obtain a thorough history, and otherwise failed to conduct the examination in a proper manner. The plaintiff contends that these failures were causally related to the wrongful termination of her medical benefits.

The Supreme Court erred in concluding that a physician performing a medical examination on behalf of an insurance company for the purpose of determining whether benefits should be continued owes a duty to the person being examined to conduct the examination with the requisite care and skill. No action to recover damages for medical malpractice arises absent a physician-patient relationship (*see, Heller v Peekskill Community Hosp.*, 198 AD2d 265; *Lee v City of New York*, 162 AD2d 34; *cf., Finnegan v Brothman*, 270 AD2d 808). A physician-patient relationship does not exist where the examination is conducted solely for the purpose of rendering an evaluation for an insurer (*see, Heller v Peekskill Community Hosp., supra; Lee v City of New York, supra; Murphy v Blum*, 160 AD2d 914). Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.