**Nidia I. TORO, aka Nidia I. Novak, individually and as Next Friend for her minor son; Alejandro G. Toro, aka Alejandro G. Novak, Plaintiffs—Appellants,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 06–17160.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2008.

Filed July 3, 2008.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Joseph J. Mellon, Esq., Shughart Thomson & Kilroy, P.C., Denver, CO, William Copulos, Esq., Copulos Law Firm LLC, Honolulu, HI, for Plaintiffs–Appellants.

Thomas A. Helper, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Defendant–Appellee.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

MEMORANDUM *

Nidia I. Toro ("Toro") and her son Alejandro G. Toro appeal the district court's judgment in favor of the government on their claims for medical malpractice and loss of consortium under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* After a bench trial, the court issued its findings pursuant to Rule 52 of the Federal Rules of Civil Procedure. We review the district court's findings of fact for clear error and conclusions of law de novo. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir.2002). We affirm.

First, Toro challenges the court's holding that the *Feres* doctrine precludes her claim for injuries sustained while she was serving in the Army Reserves. *See Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950) ("[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."). She does not challenge that *Feres* bars her claim for injuries received during active duty. Even if the court erred in extending *Feres* to the period while Toro was in reserve, Toro could not prevail on this claim on the merits. The court's alternative finding that Toro had not proven that the government was negligent in failing to diagnose her brain injury prior to 1991 is not clear error. Evidence, including Mary Wilkowski's testimony that Toro did not exhibit any symptom of traumatic brain injury, supports this conclusion.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Second, Toro argues that the district court erred in finding that a physician-patient relationship did not exist between her and Frank Curran, M.D., who erroneously diagnosed her with schizophrenia. Applying the appropriate New York law, the court did not clearly err in determining that no cognizable physician-client relationship existed between Toro and Dr. Curran. *See Savarese v. Allstate Ins. Co.,* 287 A.D.2d 492, 731 N.Y.S.2d 226, 227 (App.Div.2001) ("A physician-patient relationship does not exist where the examination is conducted solely for the purpose of rendering an evaluation for an insurer."); *Hickey v. Travelers Ins. Co.,* 158 A.D.2d 112, 558 N.Y.S.2d 554, 555 (App.Div.1990). The record contains evidence that Toro saw Dr. Curran solely for the purposes of her claim for disability benefits. The record also contains evidence that Toro did not rely on Dr. Curran's advice to her detriment.

Third, Toro argues that admitting Wilkowski's testimony violated Rules 404(a) and 608(b) of the Federal Rules of Evidence, which prohibit the use of specific instances of conduct to prove character and action in conformity therewith. Fed. R.Evid. 404(a); Fed.R.Evid. 608(b). The district court did not abuse its discretion. Wilkowski's testimony which described the nature and extent of Toro's physical and mental condition in 1986, was relevant to whether her condition was such that her doctors should have been alerted as to her brain injury. To the extent that the evidence had a prejudicial effect, given that this was a bench trial, the court could be counted on not to use the evidence improperly.

Fourth, Toro claims that the district court incorrectly analyzed her claim for negligence during the period from 1991–1999. Instead, her theory was that the government failed to follow its protocol requiring that it review her complete file. This claim also fails. The record contains evidence to support the district court's conclusion that there was no breach of the duty of care involved in defendants' delayed diagnosis of Toro's traumatic brain injury. Without such a breach, Toro cannot show that defendants' failure to timely diagnose her traumatic brain injury caused her to develop Post Traumatic Stress Disorder. Given this conclusion, we need not address Toro's argument that the court abused its discretion by limiting her expert's testimony concerning her future life-care needs for purposes of determining damages.

Lastly, the court's holding that Toro could not prevail on her claim for informed consent regarding the hysterectomy is also not clear error. The court reasonably concluded that Toro's testimony that she was not told of the risks of the procedure was not credible. Toro signed an informed consent form for the procedure, and she had not shown that she was incapable of providing informed consent due to her psychological condition. Moreover, the court's alternative conclusion that her claim was time-barred is also supported by evidence, which indicates that Toro knew or should have known by April 1997 that the procedure had not eliminated her pelvic pain.

AFFIRMED.