MARLANE G. SCHRUMPF, Appellant, v BRUCE P. MEINHARD, Respondent. [870 NYS2d 362]—

On January 20, 2000 the plaintiff allegedly was injured in a motor vehicle accident. She commenced a personal injury action against the driver of the other vehicle and his employer. In that action, she was required to appear for an independent medical examination at the offices of Bruce P. Meinhard, a medical doctor. The examination was conducted, and Meinhard issued a report concluding, inter alia, that the plaintiff was not disabled. The plaintiff subsequently commenced the instant action against Meinhard seeking, among other things, to recover damages for medical malpractice.

The Supreme Court properly granted Meinhard's motion, in

effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint. "No action to recover damages for medical malpractice arises absent a physician-patient relationship" (*Savarese v Allstate Ins. Co.*, 287 AD2d 492, 493 [2001]). In this regard, "[a] physician-patient relationship does not exist where. . . the examination is conducted solely for the purpose of rendering an evaluation as a litigation support service for an insurer" (*Bazakos v Lewis*, 56 AD3d 15 [2008]; *see Savarese v Allstate Ins. Co.*, 287 AD2d at 493).

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Ritter, J.P., Florio, Miller and Carni, JJ., concur.