■ PASQUALE BADOLATO, Respondent, v MARK ROSENBERG, Appellant. [890 NYS2d 85]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated January 15, 2008, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing, as time-barred, so much of the complaint as alleged acts of medical malpractice

committed prior to June 27, 2002, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff injured his lower back while at work and was referred by his employer to the defendant, to be examined for the purpose of obtaining approval for a magnetic resonance imaging examination of his back. The plaintiff commenced this action, inter alia, to recover damages for medical malpractice based on his allegation that the defendant negligently and prematurely advised him that he was fit to return to work without restrictions on any type of physical activity, causing him to re-injure his back. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that no physician-patient relationship existed between himself and the plaintiff, and that so much of the complaint as alleged acts of medical malpractice accruing prior to June 27, 2002, should be dismissed as time-barred.

In the context of a physical examination conducted for the purpose of rendering an evaluation for a third party, such as an employer or insurer, an implied physician-patient relationship may arise if the physician either affirmatively treats the examinee or affirmatively advises the examinee as to a course of treatment (*see Lee v City of New York*, 162 AD2d 34 [1990]; *Hickey v Travelers Ins. Co.*, 158 AD2d 112, 116 [1990]). For affirmative advice to be actionable, the plaintiff must establish that the advice was incorrect, that it was foreseeable that the plaintiff would rely on the advice, and that the plaintiff detrimentally relied on the advice (*see Heller v Peekskill Community Hosp.*, 198 AD2d 265 [1993]).

The defendant failed to make a prima facie showing that no physician-patient relationship existed. The defendant submitted the plaintiff's deposition testimony which raised triable, material issues of fact as to whether (1) the defendant affirmatively advised the plaintiff as to a course of treatment by recommending that the plaintiff return to work without any restrictions on his physical activities, (2) the advice was incorrect, (3) it was foreseeable that the plaintiff would rely on the advice since the plaintiff testified that two other treating physicians advised him not to return to work, and (4) the plaintiff relied on the advice to his detriment (*see Heller v Peekskill Community Hosp.*, 198 AD2d 265 [1993]). Thus, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the complaint on the ground that no physician-patient relationship existed.

However, the Supreme Court erred in denying that branch of

the motion which was for summary judgment dismissing, as time-barred, so much of the complaint as alleged medical malpractice accruing prior to June 27, 2002. The plaintiff commenced this action on December 27, 2004, over 2½ years after his first visit to the defendant. In opposition to the defendant's prima facie establishment that any claim arising from that first visit pursuant to the applicable statute of limitations was time-barred (*see* CPLR 214-a), the plaintiff failed to raise a triable issue of fact that the statute of limitations was tolled by the continuous treatment doctrine. The plaintiff failed to show that the defendant's examinations of him constituted actual treatment, as opposed to mere diagnostic examinations, for the purpose of establishing continuous treatment (*see Massie v Crawford*, 78 NY2d 516 [1991]; *Nykorchuck v Henriques*, 78 NY2d 255 [1991]). Accordingly, that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged medical malpractice accruing prior to June 27, 2002, should have been granted. Prudenti, P.J., Santucci, Florio and Belen, JJ., concur.