■ GEORGETTE FLEISCHER, Appellant, v NYP HOLDINGS, INC., Doing Business as THE NEW YORK POST, et al., Respondents. [961 NYS2d 393]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered June 27, 2012, dismissing the complaint in

its entirety, unanimously affirmed, without costs. Appeals from orders (same court and Justice), entered September 28, 2011 and March 26, 2012, respectively, which, upon consolidating the CPLR 3211 (a) (7) motion to dismiss the complaint brought by defendants Gawker Media, LLC and Gothamist LLC with a motion for the same relief brought by defendant NYP Holdings, Inc., granted the motions and granted defendants Nadine Johnson and Nadine Johnson & Associates, Inc.'s (collectively Johnson defendants) motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this action for defamation and invasion of privacy, plaintiff alleges that she was defamed by false statements written about her in two articles that appeared in the New York Post, dated May 11, 2011 and May 12, 2011, and that she suffered injury to her personal reputation and in her trade or profession as an English professor (*see e.g. LeBlanc v Skinner*, 103 AD3d 202 [2d Dept 2012]). The articles also appeared on defendant NYP's website and related articles appeared on defendants Gothamist's and Gawker's websites.

The challenged statements in the May 11, 2011 article, when read in context, do not constitute false factual statements, which is a sine qua non of a libel claim (*see Sandals Resorts Intl. Ltd. v Google, Inc.*, 86 AD3d 32, 40-43 [1st Dept 2011]; *see also Thomas H. v Paul B.*, 18 NY3d 580, 584 [2012]). Plaintiff alleges that the article contained false statements that a popular Soho restaurant was closed because of her regular complaints regarding noise and smoke emission and that she made reference to the restaurant's owners as "acting like barbarians." However, the article does not explicitly state that the restaurant was closed due to her complaints. Rather, the article quoted city officials who stated that the restaurant was shuttered for serious building code violations. At most, the article suggests that the inspections resulted from plaintiff's complaints, which is an inference well supported by the record, including plaintiff's own allegations. Expressions of opinion are non-actionable (*see generally Steinhilber v Alphonse*, 68 NY2d 283 [1986]). Additionally, plaintiff does not deny stating that the restaurant owners were "acting like barbarians." Accordingly, the first cause of action against defendant NYP Holdings for defamation, predicated upon its May 11, 2011 article, was properly dismissed for failure to state a cause of action (*see* CPLR 3211 [a] [7]).

Plaintiff's second cause of action alleging defamation based on the May 12, 2011 article was also properly dismissed for failure to state a cause of action. This article opined that plaintiff

was as "bothersome" to her students as she had been to the commercial establishments in her neighborhood. It quoted one of plaintiff's former students who stated that plaintiff had "ridiculous" mood swings, would "create issues" to get students "in trouble," and was a "narc." Such vague terms indicate nonactionable expressions of opinion. We note that plaintiff never refuted NYP's assertion that she declined to respond to the former students alleged remarks. Having been afforded a timely opportunity to respond undermines her claim that publication of the challenged statements was made with reckless disregard (*see generally Sprewell v NYP Holdings, Inc.*, 43 AD3d 16, 21 [1st Dept 2007]). Plaintiff's bald allegation that the former student never made such remarks, is conclusory and lacks factual support. In any event, since the article makes it clear that the statements came from a former student, no basis exists for a reasonable reader to conclude that the author was relating incontrovertible facts about the experiences of plaintiff's students (*see Sprewell*, 43 AD3d at 21).

Plaintiff's allegations that all defendants, including the Johnson defendants, engaged in a conspiracy to defame her are speculative and insufficient to sustain such claim. There are no factual allegations to support a claim of conspiratorial conduct. Plaintiff does not allege that the Johnson defendants made defamatory comments about her, nor does she allege that the Johnson defendants instructed NYP, Gawker and/or Gothamist to make or publish defamatory comments about her.

Plaintiff's third and fourth causes of action alleging "invasion of privacy" claims against the Gothamist and Gawker, respectively, under sections 50 and 51 of the Civil Rights Law were also properly dismissed for failure to state a cause of action. The blog columns maintained by these defendants each had links to the faculty page on the website of the college where plaintiff teaches which contained plaintiff's photograph and scholastically relevant personal information. The information at issue—the closing of a popular New York City restaurant and the complaints against it lodged by plaintiff, a local resident and college professor—was newsworthy, and plaintiff's photograph bore a real relationship to the story. Accordingly, no remedy is available to plaintiff pursuant to sections 50 and 51 of the Civil Rights Law (*see Howell v New York Post Co.*, 81 NY2d 115, 122-123 [1993]; *Bement v N.Y.P. Holdings*, 307 AD2d 86, 89-90 [1st Dept 2003], *lv denied* 100 NY2d 510 [2003]).

Plaintiff's fifth and sixth causes of action alleging prima facie tort and intentional infliction of emotional distress against each of the defendants, were properly dismissed as duplicative. The

underlying allegations fall within the ambit of other traditional tort liability, namely, plaintiff's cause of action sounding in defamation (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]; *Akpinar v Moran*, 83 AD3d 458, 459 [1st Dept 2011], *lv denied* 17 NY3d 707 [2011]). In any event, plaintiff fails to state a claim as to either cause of action, inasmuch as the record undermines any allegation that the challenged articles and postings were published solely for malevolent purposes (*see Amodei v New York State Chiropractic Assn.*, 160 AD2d 279 [1st Dept 1990], *affd* 77 NY2d 890 [1991]), and the allegations do not sufficiently allege conduct so extreme and atrocious as to support a claim for intentional infliction of emotional distress (*see Howell*, 81 NY2d at 122). Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.