Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 29, 2013, which denied defendants’ motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion granted, and the complaint dismissed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff was a limited purpose public figure, and therefore, to prevail on her claim of defamation, was required to show by clear and convincing evidence that defendants published the statements at issue with actual malice (see Huggins v Moore, 94 NY2d 296, 301-302 [1999]; James v Gannett Co., 40 NY2d 415, 421-422 [1976]). Plaintiff, by not only granting news interviews, but driving media members to the property in question and posing for a photograph in front of it, attending a press conference, answering questions in connection with the drafting of an open letter calling for her reinstatement and defendants’ resignations from the Board of Directors of Violence Intervention Program (VIP), and by her involvement in a community group organized in large part to seek her reinstatement, took affirmative steps to attract public attention. Plaintiff fails to raise any triable issue of fact as to her status as a limited public figure, as *602 she merely argues that she did not initiate certain of these contacts, such as organizing the press conference. Nevertheless, she consistently encouraged and responded to such attention and thereby thrust herself to the forefront of the public controversy in the hope of influencing her reinstatement and/or the board members’ resignations.
Plaintiff, who had a full opportunity to conduct discovery, failed to present clear and convincing evidence of actual malice, i.e., that defendants “entertained serious doubts as to the truth of [their] publication or acted with a high degree of awareness of . . . probable falsity . . . . at the time of publication” (Kipper v NYP Holdings Co., Inc., 12 NY3d 348, 354-355 [2009]).
She cites to her contentious relationship with defendants and their dissatisfaction with her job performance, but does not cite facts suggesting that defendants had serious doubts about the truth of any of the statements at issue, or that defendants acted with a high degree of awareness of their falsity at the time of publication. To the extent that plaintiff claims that defendants acted in retaliation to the public outcry over her termination and/or demands that they resign, she does not show by clear and convincing evidence that they knowingly published false statements, as opposed to the true reason for her termination. Indeed, the public statement, although more detailed, was consistent with her termination letter issued nearly a month earlier, prior to any public outcry that purportedly would have generated such malice.
The remaining claims of injurious falsehood, tortious interference with prospective contractual/business relations, and intentional infliction of emotional distress should have been dismissed as duplicative of the defamation claim, as they allege no new facts and seek no distinct damages from the defamation claim. Concur — Tom, J.P., Renwick, Richter, Feinman and Gische, JJ.