| Meirowitz v Pizzaro |
|:---:|
| 2026 NY Slip Op 30925(U) |
| March 12, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 100721/2025 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**
*Justice*

PART 56M

------------------------------------------------------------------------X

SPENCER MEIROWITZ,

Plaintiff,

- v -

RODRIGO PIZZARO, M.D.,

Defendant.

------------------------------------------------------------------------X

INDEX NO.  100721/2025

MOTION DATE  11/13/2025

MOTION SEQ. NO.  001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion to/for _____DISMISS_____.

In this action to recover damages for medical malpractice, fraudulent misrepresentation, and intentional infliction of emotional distress, the defendant moves pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The plaintiff opposes the motion. The motion is granted, and the complaint is dismissed.

The plaintiff alleged in his complaint that the defendant psychiatrist was appointed by the Supreme Court, New York County, as a court evaluator in a now-disposed action for a divorce, for the purpose of advising and reporting to the court with respect to child custody issues involving the plaintiff. He contended that the defendant committed malpractice by improperly diagnosing him with certain psychiatric conditions, and by going beyond the scope of his judicial appointment. More specifically, the plaintiff asserted that the defendant "abused his role by going far beyond the scope of the court order" appointing him, and went beyond the American Psychiatric Association (APA) Child Custody Evaluation Guidelines, Association of Family and Conciliation Courts (AFCC) Model Standards, and the rules, guidelines, and standard accepted principles set forth in the Diagnostic and Statistical Manual (DSM)-5 and DSM-5-TR. The plaintiff further averred that the defendant "exploited" the plaintiff's status as an indigent and

100721/2025   MEIROWITZ, SPENCER vs. PIZZARO MD, RODRIGO
Motion No.  001

Page 1 of 7

disabled individual, and provided the divorce court with "speculative testimony based on outdated, incomplete, and contradictory evaluations."

Additionally, the plaintiff asserted in his complaint that the defendant

> "was appointed and mandated to follow the Appointment Order as a neutral, to apply accepted forensic methodology, to contact and document appropriate collateral sources (i.e., a fair and balanced set reflecting multiple perspectives) and to base conclusions on current, contemporaneously gathered data in this pleading, words such as 'unethical,' 'biased,' and similar descriptors are used to mean that Defendant exceeded the scope of that court-ordered role and departed from established professional standards and guidelines (including the APA child-custody evaluation guidelines and AFCC model standards). The sworn testimony and record establish those extra-scope departures, including drawing conclusions without adequate data, relying on outdated or incomplete information, and answering hypotheticals untethered to the evaluation record. These departures reflect a deliberate disregard of the Appointment Order and are the misconduct/mal/non/misfeasance/bias shown in the document."

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). To determine whether a claim adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (*id*. at 152; *see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 884 [2013]; *Simkin v Blank*, 19 NY3d 46, 52 [2012]), and determine only whether the facts, as alleged, fit within any cognizable legal theory (*see Taxi Tours, Inc. v Go New York Tours, Inc.,* 41 NY3d 991, 993 [2024]; *Hurrell-Harring v State of New York*, 15 NY3d 8, 20 [2010]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc*., 10 AD3d 267, 270-271 [1st Dept 2004]; CPLR 3026). "The motion must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co*., 98 NY2d at 152 [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d at 87-88; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

**100721/2025   MEIROWITZ, SPENCER vs. PIZZARO MD, RODRIGO**                                    **Page 2 of 7**
**Motion No.  001**

2 of 7

"'No action to recover damages for medical malpractice arises absent a physician-patient relationship'" (*Schrumpf v Meinhard*, 57 AD3d 510, 511 [2d Dept 2008], quoting *Savarese v Allstate Ins. Co.,* 287 AD2d 492, 493 [2d Dept 2001]).  "A physician-patient relationship is created when professional services are rendered and accepted for purposes of medical or surgical treatment" (*Thomas v Hermoso*, 110 AD3d 984, 985 [2d Dept 2013]).  Thus, for example, the relationship between a doctor performing a medical examination on behalf of an insurance company for the purpose of evaluating a personal injury claim, and the person whom he or she is examining, may fairly be called a "'limited physician-patient relationship,'" which may only give rise to a medical malpractice cause of action where the physician performed the examination in a manner that directly caused physical harm to the examinee (*Bazakos v Lewis*, 12 NY3d 631, 635 [2009], citing *Dyer v Trachtman*, 470 Mich 45, 49-50, 679 NW2d 311, 314-315 [2004]) or where the physician "affirmatively advised the patient as to a course of treatment" (*Johnson v North Shore Univ. Hosp*., 28 Misc 3d 127[A], 2010 NY Slip Op 51180[U], *2, 2010 NY Misc LEXIS 2855, *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists, Jul. 7, 2010]; *see Badolato v Rosenberg*, 67 AD3d 937, 938 [2d Dept 2009]).  Specifically, "[a]n implied physician-patient relationship can arise when a physician gives advice to a patient, even if the advice is communicated through another health care professional" (*Raptis-Smith v St. Joseph's Med. Ctr.*, 302 AD2d 246, 247 [1st Dept 2003]; *see Tom v Sundaresan*, 107 AD3d 479, 479 [1st Dept 2013]).  Stated another way, such a physician only enters into a true physician-patient relationship with an examinee where the services performed by that physician "bear a substantial relationship to the rendition of *medical treatment* to a particular patient" (*Rabinovich v Maimonides Med. Ctr*., 179 AD3d 88, 94 [2d Dept 2019]).

"While the issue of whether a physician owes a duty of care is a question of law, whether a physician-patient relationship exists is generally an issue of fact" (*Tom v Sundaresan*, 107 AD3d at 479).  The plaintiff has alleged no facts in his complaint even suggesting that the defendant provided medical care and treatment to him, or provided him with any medical or

psychiatric advice; rather, the plaintiff asserted only that the defendant improperly evaluated and diagnosed him on behalf of the divorce court itself, and conceded that the purpose of the defendant's examination was so that the divorce court could properly determine appropriate child custody and visitation plans for inclusion in the judgment of divorce. To the extent that he claims that the defendant overstepped the authority delegated to him by the divorce court's order of appointment, the proper remedy would have been to appeal from the adverse provisions of the judgment of divorce, and argue that those provisions were erroneous, based on the court's consideration of an inappropriate evaluation, diagnosis, and report. Hence, this court concludes both that the defendant did not owe the plaintiff a duty properly to evaluate and diagnose him in the first instance, and that the plaintiff alleged no facts that would support any contention that he had entered into a physician-patient relationship with the defendant. The complaint thus fails to state a cause of action (*see Santiago v. KMart Corp.,* 158 AD3d 596, 596 [1st Dept 2018] [complaint fails to state cause of action where defendant owes no duty of care to the plaintiff]; *Wheeler v Kron*, NY Slip Op 30530[U], *2, 2011 NY Misc LEXIS 942, *1 [Sup Ct, N.Y. County, Feb. 16, 2011] [complaint fails to state cause of action where plaintiff does not enter into a physician-patient relationship with defendant]).

The court further agrees with the defendant that a physician appointed by a court to evaluate the physical or mental health of a party is protected by the doctrine of quasi-judicial immunity, which "provides absolute immunity from subsequent damages liability for all persons---governmental or otherwise---who were integral parts of the judicial process" (*Briscoe v LaHue*, 460 US 325, 335 [1983]).

Not only those individuals who serve in a judicial capacity, but those who are delegated judicial or "quasi-judicial" functions, are immune from civil suits based on any actions taken in their official capacities, including court-appointed evaluators (*see Mosher-Simons v County of Allegany*, 99 NY2d 214, 220 [2002] ["the antecedent fact-gathering process necessary for the court to reach (a) placement decision" in a Family Court proceeding "must be cloaked with

**100721/2025   MEIROWITZ, SPENCER vs. PIZZARO MD, RODRIGO**
**Motion No.  001**

Page 4 of 7

judicial immunity"; hence, county caseworker upon whose report Family Court relied in determining a child's placement is immune from liability in an action alleging negligent placement]; *see Davila v Orange County*, 229 AD3d 500, 502 [2d Dept 2024]).  Thus, "a psychiatrist appointed by the court as a neutral forensic evaluator with the consent of the parties' attorneys and the children's Law Guardian in an underlying custody proceeding in Family Court has judicial immunity from suit for malpractice regarding the work he performed" (*Bridget M v Billick*, 36 AD3d 489, 490 [1st Dept 2007]; *see Tripi v Alabiso,* 189 AD3d 2133, 2134 [4th Dept 2020] [defendant "has judicial immunity from suit regarding the work he performed as a court-appointed forensic psychiatric expert in connection with . . . plaintiff's child custody litigation"]; *Ashmore v Lewis,* 112 AD3d 508, 508-509 [1st Dept 2013] [documentary evidence established conclusively that judicial immunity precluded plaintiff from recovering damages for negligence or malpractice against psychologist appointed by the court as a neutral forensic evaluator in an underlying Supreme Court custody proceeding]; *Young v Campbell*, 87 AD3d 692, 694 [2d Dept 2011] [dismissing negligence/malpractice action against psychologists and social workers who had been appointed to aid courts in divorce and neglect proceedings because "judicial immunity precludes the plaintiff from recovering damages for negligence or malpractice against them"]; *Hom v Reubins*, 268 AD2d 461, 461 [2d Dept 2000] [same as *Tripi*]; *Finkelstein v Bodek*, 131 AD2d 337, 338 [1st Dept 1987] ["Included within those groups of persons who enjoy immunity for statements uttered in a judicial proceeding are court-appointed experts who are ordered to conduct psychiatric examinations"]).  Consequently, the medical malpractice cause of action also must be dismissed on the ground that the defendant is protected by quasi-judicial immunity.

To successfully plead a cause of action sounding in common-law fraudulent misrepresentation, a plaintiff must assert that the defendant mispresented a material fact to the plaintiff, that the representation was known by the defendant to be false, that the person making the representation intended for the plaintiff to rely on it when the representation was made, that

100721/2025   MEIROWITZ, SPENCER vs. PIZZARO MD, RODRIGO
Motion No.  001

Page 5 of 7

the plaintiff justifiably relied on the representation, and that injury resulted from that reliance (*see Braddock v Braddock*, 60 AD3d 84, 86 [1st Dept 2009]; *see also Golobe v Mielnicki,* 44 NY3d 86, 92 [2025]; *Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330, 348 [1999]). Most of the defendant's statements that the plaintiff claims were false were not made to him, but to the divorce court. Even accepting the plaintiff's contention that the defendant made some false statements to him, the plaintiff made no factual allegations that the defendant knew that the representations were false or that the defendant intended for the plaintiff detrimentally to rely upon those representations, let alone that the plaintiff justifiably relied on those statements (*see Riggs v Brooklyn Hosp. Ctr*., 207 AD3d 405, 406 [1st Dept 2022]), or that the plaintiff was somehow injured by those representations. Hence, that branch of the defendant's motion which was to dismiss the fraudulent misrepresentation cause of action must be granted.

The tort of intentional infliction of emotional distress "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Howell v New York Post Co*., 81 NY2d 115, 121 [1993]). The plaintiff alleged no conduct on the defendant's behalf that would fall within this definition, since the only factual allegations that the plaintiff made was that the defendant misdiagnosed him, performed an improper evaluation, and made a report to the justice presiding over the divorce action that adversely affected the plaintiff's interests in child custody and visitation. That cause of action also must be dismissed as duplicative of other causes of action. The claim here "fall[s] within the ambit of other traditional tort liability" (*Fleischer v NYP Holdings, Inc*., 104 AD3d 536, 538 [1st Dept 2013]; *see Fischer v Maloney*, 43 NY2d 553, 557-558 [1978]; *Matthaus v Hadjedj*, 148 AD3d 425, 426 [1st Dept 2017]; *Rodgers v City of New York*, 106 AD3d 1068, 1070 [2d Dept 2013]; *Leonard v Reinhardt*, 20 AD3d 510, 510 [2d Dept 2005]; *Stuart v Porcello*, 193 AD2d 311, 315 [3d Dept 1993]), specifically, the medical malpractice cause of action (*see Fleischer v Zhang*, 228 AD3d 484, 485 [1st Dept 2024]). In this respect, the plaintiff did not

100721/2025 MEIROWITZ, SPENCER vs. PIZZARO MD, RODRIGO
Motion No. 001

Page 6 of 7

6 of 7

allege any facts independent of those alleged in connection with the dismissed medical malpractice cause of action, or allege distinct damages (*see Matthaus v Hadjedj*, 148 AD3d at 426; *Perez v Violence Intervention Program*, 116 AD3d 601, 602 [1st Dept 2014]; *Fleischer v NYP Holdings*, 104 AD3d at 538).

The plaintiff's remaining contentions are without merit, and the court discerns no need for it to consider or review otherwise confidential documents proffered by the plaintiff, let alone the sur-reply that the plaintiff submitted without prior court authorization (*see* 22 NYCRR 202.8-c; *Zyskowski v Chelsea-Warren Corp.*, 238 AD3d 498, 499 [1st Dept 2025]).

Accordingly, it is,

ORDERED that the defendant's motion to dismiss the complaint is granted, and the complaint is dismissed; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint.

This constitutes the Decision and Order of the court.

|  |  |
|---|---|
| __3/12/2026__ | _____ |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**100721/2025   MEIROWITZ, SPENCER vs. PIZZARO MD, RODRIGO**     **Page 7 of 7**
Motion No.  001

7 of 7