*916 Order, Supreme Court, New York County (Eileen Bransten, J.), entered June 22, 2011, which, to the extent appealed from, denied plaintiffs’ motion to amend the complaint to allege facts postdating the complaint and to add a claim for tortious interference with prospective business relations, dismissed plaintiffs’ claims for unfair competition and disparagement/defamation, and denied plaintiffs’ motion to review and vacate a referee’s order of preclusion, unanimously affirmed, with costs.
Plaintiffs commenced this action in 2008 asserting, among other things, unfair competition and disparagement/defamation against defendants based on allegations that defendants disseminated marketing materials containing false and disparaging statements about plaintiffs’ business. They later sought leave to amend the complaint to add new allegations arising from post-2008 occurrences to buttress their claims, and to add a claim for tortious interference with prospective business relations.
After the IAS court denied plaintiffs’ motion to amend the complaint, they commenced a new action in 2011 asserting the proposed tortious interference claim, and claims for unfair competition and defamation based on the post-2008 occurrences. Consequently, we decline to entertain the portion of this appeal that challenges the denial of the motion to amend. We note that the 2011 action has been assigned to the same Supreme Court Justice presiding over the present 2008 action, that the court has made rulings partially dismissing the claims in the 2011 action, and that the parties have filed notices of appeal and cross appeal challenging those rulings.
In view of the foregoing, plaintiffs’ instant appeal from the dismissal of the unfair competition and disparagement/ defamation claims is moot. Plaintiffs do not dispute that the 2008 complaint fails to state a cause of action for unfair competition and disparagement, but argue only that the affidavits and new allegations submitted with the motion to amend sufficiently buttress the claims. However, facts that arise post-complaint may not be used to validate an otherwise insufficiently-pleaded complaint. In any event, the affidavit submitted with the opening papers contain only vague and conclusory allegations, and the affidavit submitted with the reply papers was improper (see Schulte Roth & Zabel, LLP v Kassover, 28 AD3d 404 [1st Dept 2006]). Plaintiffs’ failure to plead facts in the 2008 complaint showing that defendants’ misconduct defeated a reasonable expectation of a business opportunity with specific investors is fatal to their unfair competition claim (see DeBonaventura v *917 Nationwide Mut. Ins. Co., 419 A2d 942, 947 [Del Ch 1980], affd 428 A2d 1151 [Del 1981]; Agilent Tech., Inc. v Kirkland, 2009 WL 119865, *5, 2009 Del Ch LEXIS 11, *16 [2009]). As to the disparagement/defamation claim, the allegations in the complaint failed to set forth the “particular words complained of’ (CPLR 3016 [a]), or specify the persons to whom the allegedly defamatory remarks were made, and the dates, times, and places of the statements (see Bell v Alden Owners, 299 AD2d 207, 208 [1st Dept 2002], lv denied 100 NY2d 506 [2003]).
Given that the unfair competition and disparagement claims were properly dismissed, plaintiffs’ appeal from the denial of their motion to review and vacate the judicial hearing officer’s (JHO) order precluding plaintiffs from presenting evidence of individuals and entities who failed to invest with plaintiffs due to defendants’ misconduct, is moot. In any event, as plaintiffs failed to submit proper interrogatory responses despite multiple conferences and orders from the JHO, the issuance of the order does not constitute an abuse of discretion (see Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 220 [1st Dept 2010]).
We have reviewed plaintiffs’ remaining contentions, including that defendants’ refusal to remove the “Attorneys’ Eyes Only” designation from certain discovery materials prevented plaintiffs from submitting proper interrogatory responses, and find them unavailing. Concur — Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.