Salescare, Inc. v SEIU 1199 Natl. Benefits Fund (2023 NY Slip Op 06340)

Salescare, Inc. v SEIU 1199 Natl. Benefits Fund

2023 NY Slip Op 06340

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 101007/20 Appeal No. 1195 Case No. 2022-04336 

[*1]Salescare, Inc. et al., Plaintiffs-Appellants,
v
SEIU 1199 National Benefits Fund et al., Defendants-Respondents, John Does [1-10], Defendants.

Bergstein & Ullrich, New Paltz (Stephen Bergstein of counsel), for appellants.
Ian A. Weinberger, New York, for SEIU 199 National Benefit and 1199 SEIU Funds, respondents.
Kravet & Vogel, LLP, New York (Joseph A. Vogel of counsel), for Auburn IT Resources, respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered April 6, 2022, which, to the extent appealed from as limited by the briefs, granted the motions of defendant Auburn and defendants SEIU 1199 National Benefit Fund and 1199 SEIU Funds (collectively, SEIU Funds) to dismiss the first through fourth and sixth causes of action pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
Plaintiff ShareCare entered into a contract with defendant Auburn, pursuant to which its principal, plaintiff Parker, would provide information technology services to Auburn's client, the SEIU Funds. Plaintiffs allege that SEIU Funds breached an oral agreement concerning the type of work that Parker would be asked to do, and then improperly terminated the contract.
Plaintiffs' breach of contract claim against Auburn was properly dismissed because the agreement between the parties was at-will and therefore terminable at any time and for any reason (see Sabetay v Sterling Drug, 69 NY2d 329, 333 [1987]). Plaintiffs' allegation that there was an implied promise to allow plaintiffs to complete their project at SEIU Funds is belied by the contract's provision that the term of the agreement was "as required" and that it could be terminated by the client, SEIU Funds. Plaintiffs' claim that Auburn breached the implied covenant of good faith and fair dealing was properly dismissed as duplicative of the breach of contract claim (see Logan Advisors, LLC v Patriarch Partners, LLC, 63 AD3d 440, 443 [1st Dept 2009]). Additionally, plaintiffs' assertion that they were entitled to be assigned specific responsibilities related to Parker's expertise had no basis in the terms of the contract (see D&L Holdings v Goldman Co., 287 AD2d 65, 73 [1st Dept 2001]).
Plaintiffs' breach of contract claim against SEIU Funds was properly dismissed because there was no written contract between those parties and the alleged oral agreement between the parties concerning work to be assigned to Parker was vague and failed to allege which specific terms of the oral contract SEIU Funds violated (see Matter of Sud v Sud, 211 AD2d 423, 424 [1st Dept 1995]; see also Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106 [2018]). Since there was no contract between plaintiffs and SEIU Funds, plaintiffs also cannot assert a claim for breach of the implied covenant of good faith and fair dealing against those defendants (see Parkmerced Invs., LLC v WeWork Cos. LLC, 217 AD3d 531, 532 [1st Dept 2023]). Plaintiffs also failed to adequately plead that they were third-party beneficiaries of a purported contract between SEIU Funds and Auburn (see Alicea v City of New York, 145 AD2d 315, 317-318 [1st Dept 1988]). Plaintiffs' unjust enrichment claim against SEIU Funds fails because there was a contract governing plaintiffs' compensation, so that recovery on a theory based on a matter covered by the contract is precluded (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]).[*2]
The court also properly dismissed plaintiffs' defamation claim and related business disparagement claim against SEIU Funds. With respect to the claim that plaintiffs' supervisor said that Parker was "insubordinate," plaintiffs failed to identify the employee to whom the supervisor made the alleged statement (see BDCM Fund Adviser, L.L.C. v Zenni, 98 AD3d 915, 917 [1st Dept 2012]; Bell v Alden Owners, 299 AD2d 207, 208 [1st Dept 2002], lv denied 100 NY2d 506 [2003]). The second alleged defamatory statement, that an individual said that plaintiff Parker was fired, was not defamatory because it was true (see Rosenberg v Metlife, Inc., 8 NY3d 359, 370 [2007]). In addition, because that claim was defamation per quod, plaintiffs were required to allege special damages and failed to do so (see Franklin v Daily Holdings, Inc., 135 AD3d 87, 93 [1st Dept 2015]; Harris v Hirsh, 228 AD2d 206, 209 [1st Dept 1996], lv denied 89 NY2d 805 [1996]).
We have considered plaintiffs' remaining claims and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023