Fleischer v Zhang (2024 NY Slip Op 03229)

Fleischer v Zhang

2024 NY Slip Op 03229

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Oing, J.P., Friedman, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 100163/22 Appeal No. 2496
2496 Case No. 2023-05453 

[*1]Georgette Fleischer, Plaintiff-Appellant,
v
John J. Zhang, M.D., et al., Defendants-Respondents.

Georgette Fleischer, appellant pro se.
Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for respondents.

Order, Supreme Court, New York County (Kathy J. King, J.), entered August 29, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendants John J. Zhang, M.D., Zitao Liu, M.D., Zhang Medical, P.C. d/b/a New Hope Fertility Center, New Hope Fertility Center, Inc., Zhuo Lu, Ph.D, Hui Liu, Ph.D, and Darwin Life, Inc. to dismiss the second through fifth and seventh through twelfth causes of action pursuant to CPLR 3211(a)(5) and (7), unanimously modified, on the law, to deny the motion to dismiss the eleventh cause of action for a violation of General Business Law § 349, and otherwise affirmed, without costs.
Plaintiff underwent in vitro fertilization (IVF) treatment at defendant New Hope Fertility Center and was able to successfully give birth to her first child. However, plaintiff's IVF treatment for a second child genetically related to her first child was unsuccessful.
The court should not have dismissed plaintiff's eleventh cause of action for a violation of General Business Law § 349 (see Karlin v IVF Am., 93 NY2d 282, 293 [1999]). Plaintiff alleged that she was injured by consumer-oriented conduct that was materially deceptive or misleading regarding defendants' false advertising of IVF treatment success rates. "Defendants' alleged multi-media dissemination of information to the public is precisely the sort of consumer-oriented conduct that is targeted by General Business Law § 349" (id.).
The court properly dismissed plaintiff's second cause of action for ordinary negligence (see Bledsoe v Center for Human Reproduction, - AD3d -, 2024 NY Slip Op 02088, *2 [1st Dept 2024]; B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 136 AD3d 73, 80 [1st Dept 2015], affd 30 NY3d 608 [2017]). The gravamen of the complaint concerns defendants' alleged failures during the IVF treatment to properly vitrify, fertilize, and screen the eggs, sperm, and embryos. Thus, this claim constitutes medical malpractice and does not provide the basis for a distinct claim of ordinary negligence (see B.F., 136 AD3d at 80).
The court properly dismissed plaintiff's third cause of action for intentional infliction of emotional distress because her allegations supporting this claim are the same as those supporting the medical malpractice claim (see Fleischer v NYP Holdings, Inc., 104 AD3d 536, 538-539 [1st Dept 2013], lv denied 21 NY3d 858 [2013]). Also, plaintiff's allegations that defendants experimented on the eggs, sperm, and embryos, rendering them nonviable, were completely speculative and did not sufficiently allege conduct so extreme and atrocious as to support a claim for intentional infliction of emotional distress (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 56 [2016]). Plaintiff's allegation that defendants "knowingly, willfully, and maliciously shattered [her] deepest desire, to give her little daughter a full genetic sibling" was also conclusory.
Moreover, this claim is time-barred. Contrary to plaintiff's [*2]assertion, her claim for intentional infliction of emotional distress accrued on October 18, 2020, the date on which the research paper authored by defendants was published purportedly notifying her that defendants experimented on her eggs, sperm, and embryos, and on which she suffered emotional distress, not February 16, 2021, the date she read another doctor's email in an unrelated case (see Long v Sowande, 27 AD3d 247, 249 [1st Dept 2006]). Plaintiff admitted that she did not know what the other doctor's email meant and that she needed discovery to determine the meaning of the email's contents. Plaintiff's request for leave to amend the complaint regarding the accrual date is improperly raised for the first time on appeal (see RXR WWP Owner LLC v WWP Sponsor, LLC, 132 AD3d 467, 469 [1st Dept 2015]).
On appeal, plaintiff concedes that her seventh cause of action for battery is time-barred. Accordingly, that claim was properly dismissed.
The court properly dismissed plaintiff's fourth, fifth, and twelfth causes of action for concealment, intentional misrepresentation, and fraud and fraudulent inducement because the allegations in these claims merely recapitulate the medical malpractice allegations and do not make out independent fraud or misrepresentation claims (see B.F., 136 AD3d at 82). Further, plaintiff does not allege injury resulting from fraud separate and distinct from the injury alleged in the medical malpractice claim (see Atton v Bier, 12 AD3d 240, 241 [1st Dept 2004]).
The court properly dismissed plaintiff's eighth and ninth causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. Although it was plaintiff's desire to have a second child genetically related to her first child, plaintiff did not allege that defendants promised her this outcome. Plaintiff also cannot assert a claim for breach of the implied covenant of good faith and fair dealing against defendants because there was no contract between plaintiff and defendants promising her a specific result, (see SalesCare, Inc. v SEIU 1199 Natl. Benefits Fund, 222 AD3d 465, 466 [1st Dept 2023]).
The tenth cause of action for restitution and unjust enrichment was properly dismissed (see generally E.J. Brooks Co. v Cambridge Sec. Seals, 31 NY3d 441, 455 [2018]). Even if it was unsuccessful, plaintiff received the IVF treatment for which she paid defendants. Contrary to plaintiff's assertions, which are purely speculative, defendants were not otherwise enriched.
Finally, plaintiff failed adequately to plead a basis for punitive damages. For an award of punitive damages, plaintiff must allege that "a defendant manifest evil or malicious conduct beyond any breach of professional duty. There must be "'aggravation or outrage, such as spite or "malice," or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton'[*3]" (Dupree v Giugliano, 20 NY3d 921, 924 [2012] [citations omitted]). Plaintiff's allegations do not evince the necessary malicious conduct.
We have considered the parties' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024