Matter of Bukowski (2026 NY Slip Op 00311)

Matter of Bukowski

2026 NY Slip Op 00311

Decided on January 22, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Cynthia S. Kern
Justice Presiding
Tanya R. Kennedy Julio Rodriguez III John R. Higgitt Margaret A. Chan
Justices.
 Motion No. 2025-05817 Case No.2025-06780
 In the Matter of Jacqueline M. Hansen Bukowski
an attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department
Petitioner
Jacqueline M. Hansen Bukowski (OCA Atty. Reg. No. 2478642)
Respondent.

Motion No. 2025-05817|Case No. 2025-06780|

[*1]In the Matter of Jacqueline M. Hansen Bukowski, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jacqueline M. Hansen Bukowski (OCA Atty. Reg. No. 2478642), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jacqueline M. Hansen Bukowski, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 13, 1992.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Brian E. Shulman, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Jacqueline M. Hansen Bukowski was admitted to the practice of law in the State of New York by the First Judicial Department on April 13, 1992. At all relevant times, respondent maintained a registered business address in the First Judicial Department.
The Attorney Grievance Committee (AGC) moves under the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.14(b) for an order suspending respondent due to a medical condition which has rendered her incapacitated from practicing law. Respondent, who is pro se, was personally served but did not respond or otherwise oppose.
In support of its motion, AGC asserts that it began investigating respondent, who is 83 years old, after receiving a complaint alleging she neglected a client matter. Between April 1 and September 9, 2025, AGC made several attempts to contact her for an answer to the complaint and subpoenaed her to appear for an examination under oath. Respondent failed to answer or appear. Instead, on September 29, 2025, respondent's spouse informed AGC that respondent suffers from dementia. On October 7, 2025, respondent's spouse submitted a letter from respondent's treating physician confirming respondent's diagnosis and asserting respondent "is under the care of a neurology team." Respondent's physician concluded that respondent "does NOT have the capacity to practice law anymore."
Upon due consideration, the Court concludes that AGC has presented sufficient evidence to show respondent's medical conditions has rendered her incapacitated from practicing law such that an indefinite suspension on medical grounds is warranted (see Matter of Etra, 238 AD3d 103 [1st Dept 2025]; Matter of Schneider, 235 AD3d 144 [1st Dept 2025]; Matter of Olive, 216 AD3d 59 [1st Dept 2023]).
Accordingly, AGC's motion should be granted, and respondent suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.14(b), effective immediately, and any disciplinary investigation or proceedings against respondent are stayed until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.14(b), is granted, and respondent, Jacqueline M. Hansen Bukowski, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court, and any disciplinary investigation or proceedings against respondent are stayed until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Jacqueline M. Hansen Bukowski, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Jacqueline M. Hansen Bukowski, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Jacqueline M. Hansen Bukowski, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: January 22, 2026