Carbon Direct Fund II Blocker I LLC v LanzaTech Global, Inc. (2026 NY Slip Op 00311)

Carbon Direct Fund II Blocker I LLC v LanzaTech Global, Inc.

2026 NY Slip Op 00311

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Index No. 653024/25|Appeal No. 5666|Case No. 2025-04953|

[*1]Carbon Direct Fund II Blocker I LLC, Plaintiff-Appellant,
vLanzaTech Global, Inc., Defendant-Respondent.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (Owen F. Roberts of counsel), for appellant.
Simpson Thacher & Bartlett LLP, New York (Craig S. Waldman of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 7, 2025, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court properly dismissed the breach of contract claim. Here, the sophisticated parties "set down their agreement in a clear, complete document" and the court properly enforced that agreement according to its terms (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017], quoting W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Plaintiff loaned over $40 million to defendant pursuant to a Convertible Note Purchase Agreement, which, as relevant here, provided for the conversion of the debt into equity interest in defendant's company upon a qualifying equity transaction prior to maturity. Specifically, the convertible promissory note required defendant, upon such a qualifying event, to issue plaintiff "Conversion Shares," which are defined as "shares of Common Stock or convertible preferred stock." This provision is not ambiguous. "The word 'or' is a disjunctive [p]article that generally indicates a choice between one of two alternatives" (Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 87 [1st Dept 2017]; accord Festa v Leshen, 145 AD2d 49, 59-60 [1st Dept 1989]; Colbert v International Sec. Bur., 79 AD2d 448, 463 [2d Dept 1981], lv denied 53 NY2d 608 [1981]). As such, the issuance by defendant of common stock satisfied its contractual obligation under the note.
Contrary to plaintiff's argument, the note did not require defendant to issue the same class of stock to plaintiff that was issued to a third-party investor in the triggering qualifying equity transaction, i.e. convertible preferred stock. If plaintiff wanted such a term, plaintiff should have included it in the Note. When parties to a contract omit terms, "the inescapable conclusion is that the parties intended the omission" (Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 560 [2014]; see also 2138747 Ontario, Inc. v Samsung C&T Corp., 31 NY3d 372, 381 [2018]; Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]).
Supreme Court also properly dismissed the claim for breach of the implied covenant of good faith and fair dealing as duplicative of the breach of contract claim as both claims arise from the same set of facts — namely, defendant's decision to issue plaintiff common stock instead of convertible preferred stock on the same terms given to the third-party investor — and seek the same damages for the alleged breach (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 319-320 [1995]; Mill Fin., LLC v Gillett, 122 AD3d 98, 104 [1st Dept 2014]; Board of Mgrs. of Soho N. 267 W. 124th St. Condominium v NW 124 LLC, 116 AD3d 506, 507 [1st Dept 2014]; Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010], lv denied 15 NY3d 704 [2010]). Even if the claim were not duplicative, it nonetheless fails because "[t]he covenant of good faith and fair dealing cannot be used to add a new term to a contract, especially to a commercial contract between two sophisticated commercial parties represented by counsel" (D & L Holdings v Goldman Co., 287 AD2d 65, 73 [1st Dept 2001], lv denied 97 NY2d 611 [2002]; see also SalesCare, Inc. v SEIU 1199 Natl. Benefits Fund, 222 AD3d 465, 466 [1st Dept 2023], lv denied 41 NY3d 909 [2024]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026